## DAVID WAYNE DENSON *v.* STATE OF INDIANA.

[No. 874S160. Filed July 9, 1975.]

*John D. Clouse,* of Evansville, for appellant.

*Theodore L. Sendak,* Attorney General, *G. Philip Duckwall,* Deputy Attorney General, for appellee.

GIVAN, C.J.—Appellant was charged with the crime of armed robbery. Trial by jury resulted in a verdict of guilty. Appellant was sentenced to the Department of Corrections for a term of fifteen (15) years.

The record shows the following facts: On November 15, 1973, Bruce Robinson was working at a Zephyr station in Evansville, Indiana, when Appellant drove up in a brown 1962 Dodge, produced a pistol and ordered Robinson to give him money. Robinson gave Appellant approximately $120.00. Robinson attempted to get the license number from the car, but the plate had been covered with paper. However, Appellant had driven to the station earlier that evening and Robinson remembered that the car had an out-of-state tag, white on a dark background, possibly Louisiana. Robinson telephoned police and gave them a description of the robber and

his vehicle. The police dispatcher broadcast a bulletin to patrol cars to be on the lookout for an older model, light brown over beige, compact Dodge, Chrysler or Plymouth, with a white over dark out-of-state license plate, possibly Louisiana. The driver was described as Caucasian, thin with long hair.

Shortly after receiving the broadcast, Special Deputy Sheriff Andy Present saw a car similar to the one described on the highway leading out of town. After calling for, and receiving aid from another sheriff's car, the Appellant's car was stopped and Appellant was required to get out of his automobile. The deputies found a .25 caliber pistol on the front seat beside the Appellant. This pistol was later identified as the one used by the Appellant in the robbery.

Appellant first claims the trial court erred in overruling his motion to dismiss, which was based upon the lack of a probable cause hearing after Appellant's arrest. IC 35-3.1-1-1(d), Burns (1974 Supp.), § 9-903(d), provides as follows:

> "(d)   Whenever an indictment or information is filed and the defendant has not been arrested or otherwise brought within the custody of the court, the court shall issue a bench warrant for the arrest of the defendant. Whenever an information is filed and the defendant has not been arrested or otherwise brought within the custody of the court, the court shall issue a bench warrant for the arrest of the defendant after first determining that probable cause exists for such arrest. Whenever an information is filed and the defendant has already been arrested or otherwise brought within the custody of the court, the court shall proceed to determine whether probable cause existed for the arrest of the defendant unless the issue of probable cause has previously been determined by a court issuing a warrant for the defendant's arrest or by a court holding a preliminary hearing after the defendant's arrest."

Appellant argues that the failure to conduct a probable cause hearing deprived the court of jurisdiction. The record contains the following entry, made after Appellant's arrest:

> "Comes now the State of Indiana by its Prosecuting Attorney and files in open court information against the

defendant and the court now orders that a warrant be issued for the arrest of the defendant and that the defendant be given bond in the sum of $10,000.00, for his appearance in court in said cause until the final disposition thereof."

The State urges that the above language indicates that a probable cause hearing was, in fact, had. However, assuming, for the sake of argument, that no hearing was had, as required by the statute, we hold that the conviction should not be vacated. The failure to conduct a probable cause hearing does not deprive the court of jurisdiction. Even had the trial court conducted such a hearing and determined that no probable cause existed for the arrest, the only effect would be to quash that particular arrest. It would in no way preclude the State from subsequently arresting the same defendant for the same offense after obtaining probable cause. The only remaining effect of the arrest without probable cause would be that all evidence obtained by reason of such an illegal arrest would be suppressed.

This Court has often stated that a valid conviction may rest upon an invalid arrest. See *Williams* v. *State*, (1973) 261 Ind. 385, 304 N.E.2d 311, 40 Ind. Dec. 58; *Walker* v. *State*, (1974) 261 Ind. 519, 307 N.E.2d 62, 40 Ind. Dec. 655; *Adams* v. *State*, (1974) 262 Ind. 220, 314 N.E.2d 53, 43 Ind. Dec. 69. The Appellant had the remedy to challenge an invalid arrest. In the absence of such a challenge, a subsequent conviction will stand, notwithstanding the illegality of his arrest.

Appellant next claims the trial court erred in overruling his objection and motion to strike the following:

"Q. 21 After you received this dispatch, what, if anything, happened?

"A. We were sitting at an intersection on Highway 41. We saw the, a, car going North on 41 that fit the description of the car that was over the radio. We went in to check a little closer and ;ame [sic] in behind him.

"Q. 22 Pulled behind this other car?

"A. Yes.

"Q. 23  What happened after that?
"A.        *The car saw us come in behind it* and it
"By Mr. Clouse:
        "To which we object, that is a conclusion on the
        part of the witness, and we move to strike it
        and ask that the Jury be admonished to disre-
        gard it.
"BY THE COURT:
        "Overruled."

Appellant urges that the answer is conclusory on the part of
the witness and is, therefore, objectionable. We can not tell
from the language in this record whether the answer was,
in fact, conclusory. It is just as easy to assume from the
statement made by the witness that the witness observed the
driver of the car in question observing him, in which case
the statement would be factual. However, if we would assume
the answer by the witness is conclusory, it is conclusory of the
fact that the driver of the automobile observed the approach-
ing police vehicle. This, in no way, adds to or modifies any
of the pertinent evidence in this case leading to Appellant's
conviction. Such a conclusion as to an immaterial fact can
not be grounds for reversal. See *Albright* v. *Hughes,* (1940)
107 Ind. App. 651, 26 N.E.2d 576.

Appellant next claims the trial court erred in overruling
his objection to the admission of State's Exhibit 1, a Titon .25
caliber pistol, on the ground that it was obtained by
an illegal search. The record shows that when the
pistol was first offered in evidence, it was accepted
without objection. Subsequently, during the course of the
trial, during the identification of the pistol by another witness
an objection was made to its admissibility. Since there was
no objection upon the pistol first being placed in evidence, no
issue is presented to us as to its admissibility. *New* v. *State,*
(1970) 254 Ind. 307, 259 N.E.2d 696, 21 Ind. Dec. 720.

Nevertheless, had the issue been properly raised it would
have availed the Appellant nothing. The facts above recited

gave the arresting officers probable cause to stop Appellant's automobile. *Luckett* v. *State*, (1972) 259 Ind. 174, 284 N.E.2d 738, 32 Ind. Dec. 74; *Williams* v. *State*, (1974) 261 Ind. 547, 307 N.E.2d 457, 40 Ind. Dec. 699. Once the Appellant was stopped, the officers made no search of his car to obtain the pistol. The evidence is that the pistol was lying on the front seat in plain view of the arresting officers. Thus, there was no search. *Alcorn* v. *State*, (1971) 255 Ind. 491, 265 N.E.2d 413, 24 Ind. Dec. 268.

Appellant next claims the trial court erred in refusing to give his Instruction No. 5, which reads as follows:

"The Constitution of Indiana, Article 1, § 18, provides:
"The penal code shall be founded on the principles of reformation and not of vindictive judstice [sic]."

Appellant bases his contention upon the language found in Article 1, § 19 of the Constitution, which reads as follows:

"In all criminal cases whatever, the jury shall have the right to determine the law and the facts."

Appellant misconstrues both of the above-quoted sections of the Constitution. In *Beavers* v. *State*, (1957) 236 Ind. 549, 141 N.E.2d 118, this Court stated at p. 558:

" 'While the jury, under such a provision, have the right to determine both the law and the facts, it is not strictly true that they are the *sole* judges of the law of the case. Such a provision means that the jury have the right to determine all questions of law applicable to such matters as they are required to consider in making up their verdict. It is their duty to apply the law to the facts of the case, and they have to be judge of both, to come to a conclusion as to both. But the constitutionality of a statute under which a person is prosecuted is a matter for the court to determine, and it is the duty of the jury to accept the court's determination thereof.' (Our italics.) 53 Am. Jur., Trial, § 279, p. 236.

"It is quite apparent that legally and factually it is erroneous to say that the jury is the 'exclusive' judge of the law in criminal cases regardless of what may have been inadvertently stated in the past by this court as a result of very little, if any, examination of this question."

Thus, we see the jury is, in fact, confined to the existing law of the State in making a determination in a criminal case. It was never intended that the legislative prerogative to define crime be extended to the jury. The admonition found in Article 1, § 18 of the Constitution, as above quoted, is an admonition to the legislative branch of the government and is addressed to the public policy which that body is admonished to follow in formulating the penal code. Thus, although Appellant's tendered Instruction No. 5 is a correct statement of the law, it is inapplicable as an instruction to a trial jury. Such an instruction would most likely mislead and confuse the jury as to its prerogative in applying the law to the facts in question. Thus, the trial court did not err in refusing the instruction. *Brewer* v. *State,* (1969) 253 Ind. 154, 252 N.E.2d 429, 19 Ind. Dec. 264.

We find no reversible error in this record. Therefore, the trial court is affirmed.

Arterburn, Hunter, and Prentice, JJ., concur; DeBruler, J., concurs in result.

NOTE.—Reported at 330 N.E.2d 734.