RICHARD MARTIN v. STATE OF INDIANA

[No. 3-1177A298. Filed April 10, 1978.]

*James V. Tsoutsouris*, of Valpariaso, for appellant.

*Theodore L. Sendak*, Attorney General, *Elmer Lloyd Whitmer*, Deputy Attorney General, for appellee.

HOFFMAN, J.—Defendant-appellant Richard Martin was charged in a three-count information with possession of lysergic acid diethylamide, a Schedule I controlled substance; possession of phentermine, a Schedule IV controlled substance; and possession of phencyclidine, a Schedule III controlled substance. Each of these counts constituted a

violation of IC 1971, 35-24.1-4.1-7 (Burns Code Ed.),[1] which provides as follows:

> "Possession of a controlled substance. — (a)   A person is guilty of possession of a controlled substance if without a valid prescription or order of a practitioner acting in the course of his professional practice, or except as otherwise authorized by this article [35-24.1-1-1 — 35-24.1-6-1c], the person knowingly possesses any controlled substance classified on schedule I, II, III, IV or V, except marijuana or hashish.
>
> "(b)   Possession of a controlled substance is a felony punishable by a determinate term of imprisonment of not less than one year nor more than ten [10] years and a fine not to exceed one thousand dollars [$1,000]."

Trial to the court resulted in a finding of guilty as charged on all three counts. A fine of $1.00 was assessed on each count and concurrent sentences of two years imprisonment imposed. Following the denial of his motion to correct errors, this appeal was perfected.

The issues presented for our resolution concern the admissibility of evidence allegedly obtained as a result of an illegal arrest, the sufficiency of the evidence and the propriety of sentencing appellant on all three counts of the information.

Appellant contends that the police officer did not have reasonable grounds to make an investigatory stop and did not thereafter obtain probable cause to arrest appellant for the offense of driving under the influence of narcotic drugs.[2] Thus, appellant concludes, the evidence subsequently obtained should have been suppressed as fruits of the illegal arrest.

The legality of arrest has no bearing upon the guilt or innocence of an accused and is a question of law for the court rather than a question for the trier of fact. *Cheeks v. State* (1973), 155 Ind. App. 277, 292 N.E.2d 852. An invalid arrest does not affect the right of the State to try the

---

1.   This statute was repealed by Acts 1976, P.L. 148, § 24, effective October 1, 1977. For current law see IC 1971, 35-48-4-7 (1977 Burns Supp.).

2.   IC 1971, 9-4-1-54 (1977 Burns Supp.).

case, *Walker v. State* (1974), 261 Ind. 519, 307 N.E.2d 62, and would in no way affect a judgment of conviction.

*Denson v. State* (1975), 263 Ind. 315, 330 N.E.2d 734;

*Walker v. State, supra;*

*Lynch v. State* (1975), 163 Ind. App. 360, 323 N.E.2d 661 (transfer denied).

Nor does an invalid arrest amount to a denial of due process. *Walker v. State, supra.* The issue of arrest is relevant only with respect to the question of the admissibility of the evidence seized in a search incident to arrest.

*Mann v. State* (1973), 155 Ind. App. 261, 292 N.E.2d 635;

*See also: Walker v. State, supra;*

*Lynch v. State, supra.*

And, the admissibility of evidence resulting from a search or seizure may be challenged either before trial in a motion to suppress or at trial by timely objection or motion to strike.

*Candler v. State* (1977), 266 Ind. 440, 363 N.E.2d 1233;

*Riddle v. State* (1971), 257 Ind. 501, 275 N.E.2d 788.

In the case at bar, appellant filed a motion to suppress before trial. The record further reflects that there was a pre-trial hearing on such motion at which witnesses were sworn and evidence presented. However, that evidence does not appear in the record. Consequently, appellant must be deemed to have waived any error with respect to the legality of the arrest and the admissibility of the evidence found on appellant at the time of arrest. This occurs as a result of the fact that after the legality of the arrest is determined in the motion to suppress, evidence of possession of drugs at the time of arrest is admissible without the State first being required to prove as part of its case-in-chief that the arrest was lawful.

*Lynch v. State, supra;*

*Cheeks v. State, supra;*

*Mann v. State, supra.*

Indeed, the trial court can take judicial notice of its prior ruling that the arrest was lawful. *Cheeks v. State, supra. Cf: Magley v. State* (1975), 263 Ind. 618, 335 N.E.2d 811.

We note in passing, however, that the record does disclose sufficient facts to justify the initial stop, and sufficient facts after the stop to constitute probable cause for arrest. Consequently, the trial court did not err in admitting the evidence found on appellant at the time of arrest.

Appellant next contends that the evidence is insufficient to support the verdict in that the State failed to prove beyond a reasonable doubt that the appellant did not have a valid prescription or authorization for possession of the drug. However, IC 1971, 35-24.1-5-6(a) (Burns Code Ed.) provides:

"It is not necessary for the state to negate any exemption or exception in this article [35-24.1-1-1 — 35-24.1-6-1c] in any complaint, information, indictment of other pleading or in any trial, hearing, or other proceeding under this article. The burden of proof of any exemption or exception is upon the person claiming it."

Consequently, the State need not prove that appellant did not have lawful possession of the controlled substances pursuant to an exception contained in the statute. Thus, the evidence was not insufficient in this regard.

Appellant finally contends that the trial court erred in convicting and sentencing appellant on all three counts. IC 1971, 35-24.1-4.1-7, *supra*, makes it a criminal offense to knowingly possess any controlled substance classified on Schedules I, II, III, IV or V. During the course of the same transaction, appellant was found in possession of controlled substances listed on Schedules I, III, and IV. The trial court erred in imposing judgments and sentences on all three counts.

Accordingly, this cause is remanded to the trial court with instructions to vacate the judgments and sentences on two of the convictions. The judgment of the trial court is in all other respects affirmed.

Lowdermilk, J., participating by designation, concurs.

Staton, J. concurs in result.

NOTE—Reported at 374 N.E.2d 543.