Daniel SCOTT; David Scott, Appellants (Defendants Below),

v.

STATE of Indiana, Appellee (Plaintiff Below).

No. 3–1179A315.

Court of Appeals of Indiana, Third District.

May 29, 1980.

Michael A. Shurn, Gast & Shurn, Winamac, for appellants.

Theodore L. Sendak, Atty. Gen., John K. Silk, Deputy Atty. Gen., Indianapolis, for appellee.

STATON, Judge.

Daniel Scott and his brother, David Scott, were charged and convicted by jury of the crime of Unlawful Possession of Marijuana.[1] Daniel Scott stipulated to the joinder

1. "[IC 1971] 35–24.1–4.1–11. Unlawful Possession of marijuana or hashish.—(a) a person is guilty of unlawful possession of marijuana or hashish if he:

(1) knowingly possesses marijuana or hashish; or

(2) knowingly grows or cultivates marijuana or hashish;

\* \* \* \* \* \*

(b) Unlawful possession of marijuana or hashish is a felony punishable by a determinate term of imprisonment of not less than one year nor more than ten [10] years and a fine not to exceed one thousand dollars [$1,000], if the amount involved is in excess

of his case with that of his brother's for the purposes of trial. Each was sentenced to the Indiana Department of Correction for a period of one year.

On appeal, the Scotts raise two issues for our consideration:

(1) Did the trial court err when it denied their motion to dismiss the informations?

(2) Was there sufficient evidence to support the jury's finding that the Scotts were in possession of more than 30 grams of marijuana?

We affirm.

The facts and the reasonable inferences drawn therefrom most favorable to the State indicate that, on the evening of August 17, 1977, the Scott brothers and two of their friends met for the purpose of picking marijuana. About 10:30 p. m., they were driven to a field in Pulaski County and left by the sister of one of the friends. Although no one actually saw either of the Scotts cutting the marijuana, both were seen helping pile it by a big tree. All four were in the process of binding the marijuana with twine when the sister returned for them in the early morning hours of August 18, 1977.

While visiting with a friend that same evening, a county sheriff noticed some suspicious activity in the area of the picking site. After observing four persons cutting plants in the darkness, he arrested two of the four, in addition to the sister. The Scott brothers fled.

The pile of partially bundled plants was transported to the police station. It was identified, by chemical analysis, as marijuana. On the basis of statements given by those arrested, the Scotts were implicated in the picking of the marijuana.

## I.

### Lack of Probable Cause

The Scotts contend that the trial court erred when it denied their motion to dismiss

the informations which charged them with Unlawful Possession of Marijuana in Pulaski County. They argue that, because the court found insufficient probable cause to support the issuance of the arrest warrants, their information should, thereby, be dismissed.

The record shows that, on August 24, 1977, the court made an order book entry stating that it had examined the affidavits of probable cause and had found that probable cause existed for the issuance of the arrest warrants. On November 24 1978, after a hearing on this matter, the court granted the Scotts' Motion to Quash the Arrest Warrant for the reason that the "affidavit fails to describe the person to be arrested, and to allege substantially the offense in relation to said defendant."

In so ruling, the court, in essence, declared the Scotts' arrests to be invalid. The illegality of an arrest, however, is of consequence only as it affects the admission of evidence obtained through a search incident to the arrest. *Williams v. State* (1973), 261 Ind. 385, 304 N.E.2d 311; *Martin v. State* (1978), Ind.App., 374 N.E.2d 543. It has no bearing upon the guilt or innocence of the accused. *Martin, supra.* The jurisdiction of a court over the defendant is not terminated by an illegal arrest. *Dickens v. State* (1970), 254 Ind. 388, 260 N.E.2d 578. An invalid arrest does not affect the right of the State to try a case nor does it affect the judgment of conviction. *Denson v. State* (1975), 263 Ind. 315, 330 N.E.2d 734; *Martin, supra.* There was no evidence, admitted at trial, which was obtained as a result of the illegal arrests. Their convictions must stand.

The Scotts appear to argue that their information should have been dismissed because the court found that no probable cause existed for their arrests.[2] For au-

---

of thirty [30] grams of marijuana . . . ." (Now repealed.).

**2.** Their brief implied that the informations might have been defective. They allude to

marijuana seized by police as the result of a legal search of their garage in Starke County and suggest that the State might have been confused about jurisdiction in filing the infor-

thority, they point to IC 1971, 35–3.1–1–1(d):

> "Whenever an indictment or information is filed and the defendant has not been arrested or otherwise brought within the custody of the court, the court shall issue a bench warrant for the arrest of the defendant. Whenever an information is filed and the defendant has not been arrested or otherwise brought within the custody of the court, the court shall issue a bench warrant for the arrest of the defendant after first determining that probable cause exists for such arrest. . . ."

A close reading of this section reveals that the probable cause determination is to be made with reference to the arrest. The section clearly states that whenever an information is filed, the court shall issue an arrest warrant after first determining whether probable cause exists for such an arrest. It does not say that a probable cause finding must be made prior to the filing of an information.

■ All prosecutions of crimes shall be instituted by the bringing of either an information or an indictment. IC 1971, 35–3.-1–1–1(b). A probable cause determination is not a constitutional prerequisite to the filing of the information itself. *Gerstein v. Pugh* (1975), 420 U.S. 103, 125 n. 26, 95 S.Ct. 854, 868, 43 L.Ed.2d 54. However, where the information is the basis for an arrest warrant, a demonstration of probable cause is required by the Fourth Amendment. *Albrecht v. United States* (1927), 273 U.S. 1, 5, 47 S.Ct. 250, 251, 71 L.Ed. 505. The State must provide for a determination of probable cause as a condition for any significant pre-trial restraint of liberty. *Gerstein, supra. See also Gilliam v. State* (1978), Ind., 383 N.E.2d 297.

■ In the case at bar, the dismissal of the informations, rather than the arrest warrants, is the issue. With the quashing of the arrest warrants, a probable cause determination is no longer mandated. It is, therefore, not pertinent as probable cause is not a prerequisite to the filing of an information. Having now been convicted beyond a reasonable doubt, the Scotts cannot upset their convictions with the argument that no probable cause was shown prior thereto.

## II.

### Sufficiency of the Evidence

The Scotts next argue that there was insufficient evidence to support the jury's finding that they possessed over 30 grams of marijuana. While they admit there was sufficient evidence to support a finding that they possessed some marijuana, the Scotts claim that there was no showing of possession of more than 30 grams.

IC 1971, 35–24.1–1–1(*o*) (now repealed) defines marijuana as:

> "all parts of the plant Cannabis sativa L., whether growing or not; the seeds thereof; the resin extracted from any part of the plant, e. g., hashish; and every compound, manufacture, salt, derivative, mixture, or preparation of the plant, its seeds or resin. It does not include the mature stalks of the plant, fiber produced from the stalks, oil or cake made from the seeds of the plant, any other compound, manufacture, salt, derivative, mixture, or preparation of the mature stalks (except the resin extracted therefrom), fiber, oil, or cake or the sterilized seed of the plant which is incapable of germination."

The test sample of the confiscated marijuana weighed 34.8 grams. It contained an unknown quantity of stalks. On appeal, the Scotts point out that the stalk of a marijuana plant is excluded from the statutory definition of the drug. They contend, therefore, that there was insufficient evidence to show the sample contained more than 30 grams of the statutorily defined illegal and controlled substance. This contention has no merit.

■ When questions concerning the sufficiency of the evidence are presented on

---

mations. The marijuana seized in Starke County, however, was not introduced at trial.

Despite this implication, the Scotts did not explore this argument on appeal.

appeal, we will consider only that evidence which is most favorable to the State, together with all the logical and reasonable inferences to be drawn therefrom. *Inman v. State* (1979), Ind., 393 N.E.2d 767. We will not judge the credibility of the witnesses nor weigh the evidence. *Walters v. State* (1979), Ind., 394 N.E.2d 154. If there is substantial evidence of probative value to support the determination of guilt beyond a reasonable doubt, the verdict will not be disturbed. *Walters, supra.*

The record reveals that the test sample was taken from the pile of plants confiscated by police from the field in Pulaski County. The evidence presented at trial indicated that this pile was approximately two and a half feet tall, eight feet in diameter and that it weighed 130 pounds. We conclude that this was more than sufficient evidence to support the finding of the jury that the Scotts possessed more than 30 grams of marijuana.

Judgment affirmed.

GARRARD, P. J., and HOFFMAN, J., concur.