Richard A. RUTLEDGE, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 3–383A60.

Court of Appeals of Indiana,
Third District.

Aug. 24, 1983.

James O. Wells, Jr., Rochester, for appellant.

Linley E. Pearson, Atty. Gen., Latr?ealle Wheat, Deputy Atty. Gen., Indianapolis, for appellee.

STATON, Judge.

Following a jury trial Richard Rutledge (Rutledge) was convicted of theft.[1] Rutledge raises the following issues on appeal:

---

1. IC 1976, 35–43–4–2 (Burns Code Ed., 1982 Supp.).

(1) Whether the trial court erred in denying his Motion to Dismiss the proceedings because of unsubstantiated hearsay statements in the probable cause affidavit;

(2) Whether the trial court erred in denying Rutledge's pre-trial Motion in Limine to bar the admission of evidence of wrongdoing by Earl Adams;

(3) Whether the trial court erred in denying his Motion in Limine to limit the use of prior convictions for impeachment purposes;

(4) Whether the trial court erred in denying Rutledge's request that the State be required to call the police officer who remained in the courtroom to assist the prosecutor as its first witness;

(5) Whether the trial court erred in failing to grant a continuance on the grounds that the State violated the court's discovery order;

(6) Whether the trial court erred in refusing to suppress the oral statements made by Rutledge to Earl Vance; and

(7) Whether the evidence is sufficient to sustain Rutledge's conviction.

Affirmed.

### I.

### Motion to Dismiss

Rutledge contends that the trial court erred in denying his Motion to Dismiss the proceedings because the probable cause affidavit on which the warrant for his arrest was based contained hearsay statements unsupported by information regarding the credibility of the declarants. He argues that the information should have been dismissed for lack of probable cause.

 If Rutledge were correct in his assertion that the probable cause affidavit was deficient, his only remedy would be his release from custody which would be predi-

cated upon an illegal arrest.[2] *Gilliam v. State* (1978), 270 Ind. 71, 383 N.E.2d 297. On appeal, the illegality of an arrest affects only the admissibility of evidence obtained through a search incident to the arrest; it does not affect the guilt or innocence of the accused. *Thomas v. State* (1983), Ind., 451 N.E.2d 651; *Scott v. State* (1980), Ind.App., 404 N.E.2d 1190, 1192. Rutledge is currently incarcerated pursuant to the sentence issued upon his conviction and no evidence obtained as a result of his arrest was admitted at trial. An absence of probable cause does not affect the validity of a conviction.[3] *Gilliam v. State, supra; Scott v. State, supra.* Therefore, Rutledge's conviction must stand.

### II.

### Denial of Motion in Limine

Prior to trial, Rutledge filed a Motion in Limine, through which he sought

"to bar evidence of wrongdoing by Earl Adams which may have occurred more or less contemporaneously with the alleged theft subject of this prosecution."

(Record, p. 63). The trial court denied this motion. On appeal, Rutledge contends that the evidence should have been excluded.

 In order to preserve any error arising from the denial of a pre-trial motion in limine, a party must object at trial to the admission of the evidence it sought to exclude. *Waters v. State* (1981), Ind., 415 N.E.2d 711, 713. Testimony regarding Earl Adams' theft of a radio was repeatedly admitted without objection and defense counsel himself elicited such testimony during cross-examination. Rutledge has failed to preserve this issue for review.

### III.

### Evidence of Prior Convictions

During trial, Rutledge filed another Motion in Limine, seeking to limit the use of prior convictions for impeachment

---

**2.** A probable cause determination is constitutionally required for an arrest based on an information. However, the probable cause requirement relates to the arrest, not to the filing of the information. *Scott v. State* (1980), Ind. App., 404 N.E.2d 1190, 1193.

**3.** Because this argument presents no question for appeal, *Gilliam v. State, supra,* we need not determine whether the probable cause affidavit was, in fact, sufficient.

"to felonies of the catagories [*sic*] permitted by the case law of Indiana and not permit evidence of misdemeanor convictions for said purpose."

(Record, p. 65). The trial court granted the motion except for its request that misdemeanors be excluded. Subsequently, the State questioned Earl Adams and Rutledge regarding prior convictions for criminal conversion, a misdemeanor. Rutledge contends that the trial court erred in allowing the use of the conversion convictions for impeachment.

■ After Earl Adams testified as a State's witness, he was recalled as a witness for the defense. During cross-examination, the State asked Adams about a prior conviction for conversion. No objection was made; therefore, Rutledge has failed to preserve this issue for appeal. *Waters v. State, supra.*

Rutledge took the stand in his own defense. During direct examination, defense counsel questioned Rutledge as follows:

"Q. Richard, have you been convicted of a crime since you were eighteen?

"A. Yes, sir.

"MR. WELLS: May I approach the bench?

(CONFERENCE)

"Q. Were you convicted of the crime of burglary?

"A. Yes, sir.

"Q. And where was that?

"A. In Marshall County."

(Transcript, pp. 95–96). On cross-examination, the State questioned Rutledge about a prior conviction for conversion. Defense counsel objected, citing the Motion in Limine, but the objection was overruled.

■ Rutledge argues that conversion is not a crime involving dishonesty or false statement and, therefore, may not be used for impeachment purposes. The general rule is that only convictions involving infamous crimes or those involving dishonesty or false statement may be used to impeach a witness. *Ashton v. Anderson* (1972), 258

Ind. 51, 279 N.E.2d 210. However, a witness may waive the protection afforded by this rule

"by 'opening the door' to evidence of criminal convictions. The door may be opened by a direct examination question which invites an answer containing evidence of any criminal conviction...."

*Fultz v. State* (1982), Ind.App., 439 N.E.2d 659, 661 (*trans. denied*). A question on direct examination as to whether the witness had any prior criminal convictions will "open the door" to his entire criminal record. *Baker v. State* (1978), 267 Ind. 643, 372 N.E.2d 1174. Because Rutledge "opened the door" to questioning about his entire adult criminal record, the trial court did not err in allowing the State to ask him about his conversion conviction.[4]

## IV.

### Separation of Witnesses

■■ Rutledge contends that the trial court, while granting his motion for the separation of witnesses, erred by not requiring the law enforcement officer, who remained in the courtroom to assist the State, to testify first. Patrolman Halfast, who had investigated the theft, remained in the courtroom with the court's permission. His testimony regarding his investigation followed the testimony of several of the people present at the store on June 13, 1982. The separation of witnesses rests within the sound discretion of the trial court. *Kizer v. State* (1979), Ind.App., 395 N.E.2d 841, 844. Our Supreme Court has held that it is not an abuse of discretion for the trial court to permit the investigating officer to remain in the courtroom to assist the prosecutor, although that officer may be a witness later in the trial. *Gee v. State* (1979), Ind., 389 N.E.2d 303; *Hilligoss v. State* (1970), 253 Ind. 443, 255 N.E.2d 101, 104. Moreover, as the investigating officer, Halfast was already familiar with the facts in the case and with the statements of those witnesses who preceded him. Rutledge has made no

4. Because Rutledge opened the door to the question, we need not address his argument that criminal conversion is not a crime involving dishonesty or false statement.

showing of prejudice resulting from Halfast's presence in the courtroom. The trial court did not abuse its discretion in refusing to require the State to call Halfast as its first witness. *See Gee v. State, supra; Hilligoss v. State, supra; Kizer v. State, supra.*

## V.

### Violation of Discovery Order

Rutledge contends that the trial court erred in refusing to grant a continuance as a remedy for the State's violation of the court's discovery order. He argues that the State delayed in giving to the defense the contents of an oral statement which Rutledge made to Earl Vance, a Fulton County deputy sheriff; therefore, he was entitled to have Vance's testimony suppressed or to have the trial continued.

During the pre-trial proceedings, Rutledge filed a Motion for Discovery which read, in pertinent part:

"Any written or recorded statements and *the substance of any oral statements* made by the accused or by a codefendant, and a list of witnesses to the making and acknowledgement of such statements."

(Record, p. 27) (emphasis added). On September 1, 1982, Rutledge made the statement to Vance. On September 13, the State filed a notice that they intended to call Vance as a witness. On September 29, the State filed the following supplement to their previous responses to Rutledge's discovery request:

"Comes now the State of Indiana and informs the defense that the State has heretofore listed as a potential witness at the trial in this cause Earl Vance of the Fulton County Sheriff's Department. If called to testify, it would be anticipated that Officer Vance would testify that at the conclusion of the first jury trial in this cause,[5] as the jury was retiring for deliberation and as Officer Vance, in his capacity as a Deputy Sheriff was about to return the Defendant to the Fulton County Jail, the Defendant indicated to Officer Vance that he was guilty and that he anticipated that the jury would find him guilty."

(Record, p. 58). Two days later, Rutledge filed a Motion to Suppress or Make Specific. Prior to the selection of a jury on October 5, 1983, a hearing was held on this motion. After Vance had been questioned and counsel had presented argument, the trial judge ruled that the statement was admissible and refused to grant a continuance.[6] Defense counsel sought the continuance in order to determine whether anyone else heard the statement and to research the legal questions regarding the voluntariness of the statement.

In determining compliance with a discovery order and imposing sanctions for any non-compliance, the trial court exercises wide discretion. *Chandler v. State* (1981), Ind., 419 N.E.2d 142. Because the purpose of discovery is to prevent surprises by allowing the defense adequate time to prepare its case, *Upshaw v. State* (1976), 170 Ind.App. 206, 211, 352 N.E.2d 102, 105, a continuance may be an appropriate remedy for the State's failure to comply with a discovery order. *Johnson v. State* (1979), 179 Ind.App. 28, 384 N.E.2d 1035. An abuse of discretion will be found in the failure to grant a continuance if the defendant was prejudiced by that failure. *Id.*

In this case, the response filed by the State on September 29 conveys the substance of the oral statement Rutledge made to Vance, in keeping with Rutledge's discovery request. The response also indicates that Rutledge was in custody at the time he made the statement, thereby giving defense counsel notice of the legal issues which might be involved. The questioning of Vance prior to trial revealed that no one else was present when Rutledge made the statement to Vance, so a continuance in order to locate other witnesses to the statement was not required. In addition, Rutledge has not shown that he was prejudiced by the failure to grant a continuance.

---

**5.** The first trial in this cause ended in a mistrial because the jury was unable to reach a verdict.

**6.** Vance testified on October 6, 1982.

Therefore, we cannot say that the trial court abused its discretion in refusing either to exclude Vance's testimony or to grant a continuance.

## VI.

### Voluntariness of Statement

Rutledge also contends that his statement to Vance should have been suppressed because it was a product of custodial interrogation and not given voluntarily. The State argues that the statement was made during a conversation and did not result from interrogation.

 When Vance testified at trial that Rutledge had said that he was guilty, no objection was made. A party must object at trial to the introduction of evidence in order to preserve for appeal an order denying a pre-trial motion to suppress that evidence. *Lagenour v. State* (1978), 268 Ind. 441, 376 N.E.2d 475; *Pointon v. State* (1978), 267 Ind. 624, 372 N.E.2d 1159. Rutledge has failed to preserve this issue for appeal.

## VII.

### Sufficiency

Rutledge contends that the evidence is not sufficient to support his conviction. When reviewing the sufficiency of the evidence, this Court will neither weigh the evidence nor judge the credibility of witnesses. We will consider the evidence most favorable to the State and all reasonable inferences which may be drawn from that evidence. If there is substantial evidence of probative value on each element of the crime, we will not disturb the judgment. *Smith v. State* (1982), Ind., 429 N.E.2d 956, 957.

 The evidence most favorable to the judgment is that Rutledge was seen walking toward the front of the store carrying a stereo which was silver with two black speakers. The store manager saw him in the parking lot with a stereo which

was silver with two black speakers. The stereo was a type sold by the 3–D store. Rutledge put the stereo down in the parking lot. When the police returned to the parking lot several hours later, the stereo was gone. The store manager testified that a stereo was never sold without first being put in a box, then into a bag. This evidence is sufficient to support the conclusion that Rutledge took the stereo out of the 3–D store without paying for it. Intent may be inferred from the voluntary commission of an unlawful act. *Ball v. State* (1980), Ind. App., 406 N.E.2d 305, 309.

 Rutledge argues that the evidence is insufficient because the State did not introduce the stereo into evidence. In order to prove theft, it is not required that the State introduce into evidence the physical object of the theft charged. *Pitts v. State* (1980), Ind.App., 410 N.E.2d 1387, 1389. In support of his argument, Rutledge cites *Keiton v. State* (1968), 250 Ind. 294, 235 N.E.2d 695. In *Pulliam v. State* (1976), 264 Ind. 381, 390, 345 N.E.2d 229, 237, our Supreme Court wrote:

> "There is no law to support the proposition that a failure to introduce into evidence a physical objection about which there has been testimony is fatal and that all testimony regarding the physical object must go out. To the extent that . . . [*Keiton v. State*] holds that the failure to introduce into evidence the physical object of a theft creates an insufficiency of the evidence and is a fatal defect, it is overruled."

The failure to introduce the stereo into evidence does not render the evidence insufficient to support Rutledge's conviction.[7]

Affirmed.

HOFFMAN, P.J., concurs.

CONOVER, J. (by designation), concurs.

---

7. Moreover, even *Keiton v. State, supra,* recognized an exception based on size, weight or

availability. In this case, the police never located the stereo.