Randy CHAMBERS, Appellant,

v.

STATE of Indiana, Appellee.

No. 1183 S 415.

Supreme Court of Indiana.

June 6, 1985.

Susan K. Carpenter, Public Defender, Frances Watson, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Latriealle Wheat, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

The petitioner-appellant, Randy Chambers, is before this Court appealing from the judgment on his petition for post-conviction relief. He was convicted of rape, a class B felony, I.C. § 35-42-4-1; robbery, a class C felony, I.C. § 35-42-5-1; and criminal confinement, a class D felony, I.C. § 35-42-3-3. He was sentenced to twelve years for rape and five years, to run con-

secutively, for robbery. Also he was sentenced to a concurrent two year term for confinement. His convictions and sentences were affirmed on direct appeal in *Chambers v. State* (1981), Ind., 422 N.E.2d. 1198.

At the post-conviction hearing, the trial court reduced appellant's enhanced twelve year sentence for rape to the presumptive ten year sentence, stating that the enhancement was not supported by sufficient reasons, but nevertheless permitting the requirement that the rape and robbery sentences be served consecutively to stand. Relief on all other claims was denied.

Appellant raises two issues on appeal: (1) whether the imposition of consecutive sentences was supported by sufficient reasons; and (2) whether his arrest rendered his convictions unlawful.

### I

■■■ In general, the decision on whether two sentences given following a single trial are to be served concurrently or consecutively is given to the trial court and is to be based upon the results reached by that court's weighing process. Ind Code § 35–50–1–2(a) provides that "the Court shall determine whether terms of imprisonment shall be served concurrently or consecutively." Some sentences must be served consecutively, however that requirement is not involved here. The weighing process involves the consideration of relevant facts and information, and may result in the increases of basic penalties, the imposition of consecutive sentences, or both. *Mott v. State* (1980), 273 Ind. 216, 402 N.E.2d. 986. Furthermore, the same reasons may be used to justify both an increase of the presumptive sentence and the imposition of consecutive sentences. See *Bish v. State* (1981), 421 N.E.2d. 608.

"However, it is clear, that in every case where increased sentences are imposed the record must show that careful consideration commensurate with the denial of liberty involved has been given to the defendant. Due care must be taken to demonstrate a thorough and thoughtful sentencing decision supported by specific and detailed reasons and an indication that the court has considered the goal of rehabilitation. The record must show that the determination of the increased sentence was based upon a consideration of the facts of the specific crime, the aggravating and mitigating circumstances involved and the relation of the sentence imposed to the objectives which will be served by that sentence."

*Abercrombie v. State* (1981), 275 Ind. 407, 417 N.E.2d. 316.

■■■ In the case at bar, the post-conviction court, upon an allegation of erroneous sentences, reviewed and reconsidered the statement of reasons given at the initial sentencing, found that statement inadequate for the purpose of enhancing the rape sentence beyond the standard one, but sufficient to warrant the requirement of consecutive rather than concurrent service as between the rape and robbery sentences. The State filed no motion to correct errors or cross-errors. Appellant argues directly that the statement of reasons was insufficient as a basis for consecutive sentences, and then adds that if the statement of reasons was insufficient as a basis for enhancement it follows necessarily that it is insufficient to support the consecutive sentence order.

Upon examination of the statement of reasons given in support of the initial sentencing, it is apparent that it would have satisfied the appellate hurdles of "detailed" and "specific". The court carefully considered the facts and circumstances of the crimes, and identified both the targets of possible enhancement and possible consecutive sentences. The court also specifically addressed the goal of rehabilitation.

Appellant finally argues in essence that it is not rational to conclude as the post-conviction court did that the statement of reasons failed to support enhancement, but yet supported consecutive rather than concurrent sentences. The body of material, being considered in arriving at both the enhancement, and the consecutive or concurrent decisions, is about the same, how-

ever, individual components within that material have differing values with respect to each decision. In the enhancement decision, for example, the manner in which the single criminal objective was pursued has great significance. In the consecutive-concurrent decision, that same component is not ignored, but has less impact than considerations revealing the relationship between the two offenses with respect to their time and place, and the similarity or dissimilarity of their objectives. Also the consecutive sentence order has the purpose of deterring multiple and serial harm to victims, unlike the enhancement order for individual offenses. There are different viewpoints for each of these decisions, although they are based upon a canvas of about the same territory. Therefore we conclude that while the statement may not have warranted more than the standard sentence for the rape, it supported the consecutive sentence order.

## II

■ Appellant contends that his arrest rendered his convictions unlawful. He claims specifically on appeal that pursuant to I.C. § 35–4–1–1 (repealed effective September 1, 1982), he was entitled to be taken before the judge when the warrant was finally issued in this cause. This statute created an alternative procedure to be employed at the discretion of the prosecutor known as the preliminary charge. There is no indication in this record before us that the prosecutor sought to utilize the preliminary charge in appellant's case, and therefore no basis upon which to claim a failure to have extended rights afforded by the preliminary charge statute.

■ Further it may be noted that the illegality of an arrest does not directly vitiate a regular conviction. The illegality of an arrest is of consequence only as it may affect the admission of evidence. *Williams v. State* (1973), 261 Ind. 385, 304 N.E.2d. 311. *Martin v. State* (1978), 176 Ind.App. 99, 374 N.E.2d. 543. An invalid arrest does not affect the right of the State to try a case nor does it affect the judg-

ment of conviction. *Denson v. State* (1975), 263 Ind. 315, 330 N.E.2d. 734. Here, no claim is made to which the illegality of arrest would be pertinent.

The judgment of the trial court is affirmed.

GIVAN, C.J., and PRENTICE and PIVARNIK, JJ., concur.

HUNTER, J., not participating.