STATE of Indiana, Appellant
(Plaintiff Below),

v.

Ronald PALMER, Appellee
(Defendant Below).

No. 49A04–8605–CR–132.

Court of Appeals of Indiana,
Fourth District.

Sept. 3, 1986.

Linley E. Pearson, Atty. Gen., Michael G. Worden, Deputy Atty. Gen., Stephen Goldsmith, Marion County Prosecutor, Steven G. Poore, Deputy Marion County Prosecutor, Indianapolis, for appellant.

MILLER, Judge.

Ronald Palmer was charged by information with unlawful possession and illegal sale of fireworks. The charging informations were filed by the Marion County Prosecutor without a probable cause affidavit, and summons to appear at an initial hearing was issued. At the initial hearing, Palmer's motion to dismiss for lack of probable cause was granted by the trial court. The State appeals, claiming a probable cause affidavit is not a prerequisite to filing an information which does not serve as the basis for an arrest warrant. We agree. We reverse the trial court's dismissal and remand for trial.

Reversed and remanded for trial.

### FACTS

On July 3, 1985, 49 year old Ronald Palmer, an Indiana Department of Highway's foreman, was allegedly selling fireworks to passersby from a Department truck parked in the Department garage area on East Troy in Indianapolis. Responding to a tip from Newscenter 13, the Marion County Sheriff's Department investigated, and confiscated two boxes of fireworks from Palmer.

On October 1, 1985, Palmer was charged by information with Unlawful Possession of Fireworks under IND.CODE 22–11–14–2(b),[1] and Illegal Sale of Fireworks from a Vehicle under IND.CODE 22–11–14–7(f),[2] both class A misdemeanors. The charging informations were filed without a probable cause affidavit and a summons was issued to Palmer to appear in court for an initial

---

1. IND.CODE 22–11–14–2(b) (Burns Code Ed. Repl.1985) provides:

    "(b) A person who possesses, transports, or delivers fireworks, except as authorized under this section, commits a Class A misdemeanor." As amended by Acts 1978, P.L. 2, SEC. 2249.

2. IND.CODE 22–11–14–7(f) (Burns Code Ed. Repl.1985) provides:

    "(f) Fireworks may not be sold at retail from trucks, vans, or automobiles." As added by P.L. 236–1983, SEC. 5.

hearing set for October 24, 1985, continued to December 10, 1985. At the initial hearing, the defendant by counsel made a motion to dismiss for lack of probable cause, which the Court granted over the State's objection.

The State perfected appeal and raises the following issue:

Whether the trial court erred in granting Palmer's motion to dismiss the information for lack of probable cause?

## DECISION

■ The State argues that the proper grounds on which the trial court may grant a Motion to Dismiss are specified in IND.

CODE 35–34–1–4(a),[3] and that a defective probable cause affidavit is not a proper ground under this section or under Indiana case law. The State claims that although a probable cause affidavit is a prerequisite for pretrial detention, and is also required where the charging information serves as the basis for an arrest warrant, a probable cause affidavit is not a prerequisite to filing an information which does not serve as the basis for an arrest warrant. We agree and reverse the trial court's dismissal.

■ Our disposition of the issue has been made more difficult by the fact we have not been favored with an appellee

**3.** I.C. 35–34–1–4(a) (Burns Code Ed.Repl.1985) provides:
"Motion to dismiss—Grounds—Time of making motion—Actions by court—Effect of dismissal. —(a) The court may, upon motion of the defendant, dismiss the indictment or information upon any of the following grounds:
(1) The indictment or information, or any count thereof, is defective under section 6 [35–34–1–6] of this chapter.
(2) Misjoinder of offenses or parties defendant, or duplicity of allegation in counts.
(3) The grand jury proceeding was defective.
(4) The indictment or information does not state the offense with sufficient certainty.
(5) The facts stated do not constitute an offense.
(6) The defendant has immunity with respect to the offense charged.
(7) The prosecution is barred by reason of a previous prosecution.
(8) The prosecution is untimely brought.
(9) The defendant has been denied the right to a speedy trial.
(10) There exists some jurisdictional impediment to conviction of the defendant for the offense charged.
(11) Any other ground that is a basis for dismissal as a matter of law."
I.C. 35–34–1–6(a) (Burns Code Ed.Repl.1985) provides:
"Defective indictment or information.—(a) An indictment or information is defective when:
(1) It does not substantially conform to the requirements of section 2(a) [35–34–1–2(a) of this chapter;
(2) The allegations demonstrate that the court does not have jurisdiction of the offense charged; or
(3) The statute defining the offense charged is unconstitutional or otherwise invalid.
(b) Except as provided in section 5 [35–34–1–5] of this chapter, an indictment or information or a count thereof shall be dismissed upon motion when it is defective."

I.C. 35–34–1–2(a) (Burns Code Ed.Repl.1985) provides:
"Form of charge.—(a) The indictment or information shall be in writing and allege the commission of an offense by:
(1) Stating the title of the action and the name of the court in which the indictment or information is filed;
(2) Stating the name of the offense in the words of the statute or any other words conveying the same meaning;
(3) Citing the statutory provision alleged to have been violated, except that any failure to include such a citation or any error in such a citation does not constitute grounds for reversal of a conviction where the defendant was not otherwise misled as to the nature of the charges against him;
(4) Setting forth the nature and elements of the offense charged in plain and concise language without unnecessary repetition;
(5) Stating the date of the offense with sufficient particularity to show that the offense was committed within the period of limitations applicable to that offense;
(6) Stating the time of the offense as definitely as can be done if time is of the essence of the offense;
(7) Stating the place of the offense with sufficient particularity to show that the offense was committed within the jurisdiction of the court where the charge is to be filed;
(8) Stating the place of the offense as definitely as can be done if the place is of the essence of the offense; and
(9) Stating the name of every defendant, if known, and if not known, by designating the defendant by any name or description by which he can be identified with reasonable certainty."

brief.[4] Instead of imposing upon this court the burden of controverting arguments advanced for reversal, however, Indiana courts have long applied a less stringent standard of review with respect to showings of reversible error when appellee fails to file a brief. The State need only establish the lower court committed prima facie error to win reversal. *Johnson County Rural Electric v. Burnell* (1985), Ind.App., 484 N.E.2d 989; *Indiana State Board of Health v. Lakeland Disposal Service* (1984), Ind.App., 461 N.E.2d 1145. In this context, "prima facie" means at first sight, on first appearance, or on the face of it. *Harrington v. Hartman* (1968), 142 Ind. App. 87, 233 N.E.2d 189 (quoting *Ellet v. Ellet* (1965), 137 Ind.App. 96, 205 N.E.2d 555). Likewise, the statement of facts contained in the State's brief is deemed by us to be minimally sufficient for disposition of this appeal.[5] *Colley v. Carpenter* (1977), 172 Ind.App. 638, 362 N.E.2d 163.

In *Gerstein v. Pugh* (1975), 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54, the United States Supreme Court held a Florida procedure which permitted a person arrested without a warrant and charged by information to be jailed or subjected to other restraints pending trial without any opportunity for a probable cause determination violated the Fourth Amendment. *Id.* at 118–119, 95 S.Ct. at 865. Although the prosecutor's assessment of probable cause is not sufficient alone to justify significant restraint of liberty pending trial, the Supreme Court held that the Fourth Amendment does not require judicial oversight of the decision to prosecute by information and a conviction will not be vacated on the ground that defendant was detained pending trial without a probable cause determination.[6] *Id.* at 119–20, 95 S.Ct. at 865–66. The court noted:

"Whatever procedure a State may adopt, it must provide a fair and reliable determination of probable cause as a condition for any significant pretrial restraint of liberty, and this determination must be made by a judicial officer either before or promptly after arrest ...

Because the probable cause determination is not a constitutional prerequisite to the charging decision, it is required only for those suspects who suffer restraints on liberty other than the condition that they appear for trial. There are many kinds of pretrial release and many degrees of conditional liberty. (citations omitted).

We cannot define specifically those that would require a prior probable cause determination, but the key factor is significant restraint on liberty ..." *Id.* at 125, fn. 26, 95 S.Ct. at 868, fn. 26.

The Supreme Court acknowledged a prosecutor's professional duty not to charge a suspect with crime unless he is satisfied of probable cause, and held a probable cause

---

**4.** Our review of this issue was also hindered by the poor preparation of appellant's brief. We note that appellant has failed to comply with portions of Appellate Rule 8.2(B) by using incorrect citations and failing to reproduce in the brief relevant parts of statutes necessary to consideration of this appeal. Because we find the issue presented is of importance, however, we choose not to apply waiver and will decide the issue on the merits.

**5.** These rules are not for the benefit of the appellant but rather have been established for the protection of the court to relieve the court of the burden of controverting the arguments advanced for reversal where such burden rests upon the appellee. The application of these rules is discretionary and dependent upon the appellants having made a prima facie showing of error in his brief. *See also, Blair v. Emmert* (1986), Ind.App., 495 N.E.2d 769; *Ligon Special-*

*ized Hauler v. Hott* (1979), 179 Ind.App. 134, 384 N.E.2d 1071.

**6.** In contrast, the Court has held that an indictment, "fair upon its face," and returned by a "properly constituted grand jury," conclusively determines the existence of probable cause and requires issuance of an arrest warrant without further inquiry. *Ex parte United States*, 287 U.S. 241, 250, 53 S.Ct. 129, 131, 77 L.Ed. 283 (1932). *See also, Giordenello v. United States*, 357 U.S. 480, 487, 78 S.Ct. 1245, 1250, 2 L.Ed.2d 1503 (1958). The willingness to let a grand jury's judgment substitute for that of a neutral and detached magistrate is attributable to the grand jury's relationship to the courts and its historical role of protecting individuals from unjust prosecution. *See United States v. Calandra*, 414 U.S. 338, 342–346, 94 S.Ct. 613, 617–619, 38 L.Ed.2d 561 (1974).

determination by a neutral and detached magistrate is required only for those suspects who suffer significant restraint of liberty in addition to the condition that they later appear for trial.[7]

Indiana courts have consistently followed *Gerstein*. In *Gilliam v. State* (1978), 270 Ind. 71, 383 N.E.2d 297, the Indiana Supreme Court concluded that lack of probable cause is not a proper ground on which to predicate a motion to dismiss the information. Before trial, Gilliam filed a motion to dismiss the information on grounds that the probable cause affidavit which accompanied the charging information was defective. The Indiana Supreme Court held that deficiency of a probable cause affidavit is not grounds for dismissal of the information under IND.CODE 35–3.1–1–4(a). The Court stated:

"The probable cause affidavit is not the means by which the accused is charged with a crime, but is a means of satisfying the constitutional and statutory requirements that the pre-trial detention of the accused to face the charge be based upon a determination, by a neutral and detached magistrate, that probable cause exists to believe that the accused committed the crime. Ind.Code § 35–3.1–1–1(b), (d) (Burns 1975); *Gerstein v. Pugh,* (1975) 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54. Appellant's motion stated no valid grounds for dismissal of the information and was properly denied."

In *Scott v. State* (1980), Ind.App., 404 N.E.2d 1190, this court held that a probable cause determination is constitutionally required for an arrest based on an information, however, the probable cause requirement relates to arrest and not to the filing of the information. *Id.* at 1193. The Scotts were convicted of unlawful posses-

sion of marijuana and sought to upset their convictions on the ground that the affidavits of probable cause were defective and so the charging information should have been dismissed. The trial court found the affidavits supporting the arrest warrants were defective, but refused to grant a motion to dismiss the charging information. This court affirmed the trial court and stated:

" ... the [trial] court, in essence, declared the Scotts' arrests to be invalid. The illegality of an arrest, however, is of consequence only as it affects the admission of evidence obtained through a search incident to the arrest. *Williams v. State* (1973), 261 Ind. 385, 304 N.E.2d 311; *Martin v. State* (1978), Ind.App. [176 Ind.App. 99] 374 N.E.2d 543. It has no bearing upon the guilt or innocence of the accused. *Martin, supra.* The jurisdiction of a court over the defendant is not terminated by an illegal arrest. *Dickens v. State* (1970), 254 Ind. 388, 260 N.E.2d 578. An invalid arrest does not affect the right of the State to try a case nor does it affect the judgment of conviction. *Denson v. State* (1975), 263 Ind. 315, 330 N.E.2d 734." *Id.* at 1192.

In a similar case, *Rutledge v. State* (1983), Ind.App., 452 N.E.2d 1039, Rutledge was convicted of theft and argued on appeal that the trial court erred in denying his motion to dismiss because the probable cause affidavit on which the warrant for his arrest was based contained unsupported hearsay statements. This court reasoned:

"If Rutledge were correct in his assertion that the probable cause affidavit was deficient, his only remedy would be his release from custody which would be predicated upon an illegal arrest. *Gilliam v. State* (1978), 270 Ind. 71, 383

**7.** *See also, Beck v. Washington* (1962), 369 U.S. 541, 82 S.Ct. 955, 8 L.Ed.2d 98, and *Hurtado v. California* (1884), 110 U.S. 516, 4 S.Ct. 292, 28 L.Ed. 232, where the Supreme Court held there is no federal constitutional impediment to dispensing entirely with the grand jury indictment in state proceedings; *Lem Woon v. Oregon* (1913), 229 U.S. 586, 33 S.Ct. 783, 57 L.Ed. 1340,

in which the Supreme Court held a state statute authorizing criminal prosecutions to be instituted by information filed by the district attorney without any preliminary examination or commitment of the accused did not violate the due process clause of the Fourteenth Amendment to the federal constitution.

N.E.2d 297. On appeal, the illegality of an arrest affects only the admissibility of evidence obtained through a search incident to the arrest; it does not affect the guilt or innocence of the accused. (citations omitted). *Id.* at 1041.

In addition to the above cited statutes and case law, our criminal procedure code provides that when an indictment or information is filed against a person charging him with a misdemeanor, the court may issue a summons instead of issuing an arrest warrant.[8] Law enforcement officers may also choose to issue a summons in lieu of arresting a person who has allegedly committed a misdemeanor, other than a traffic misdemeanor, in his presence.[9] Thus, procedurally this case was initiated and the defendant called to respond according to law.

Clearly, neither Indiana statute nor our caselaw require a charging information to be accompanied by probable cause affidavits unless the information is to serve as the basis for an arrest warrant. Both law enforcement officers and the court are permitted to issue a summons in lieu of an arrest warrant when a person has allegedly committed a misdemeanor. Palmer was not arrested or detained in custody. Lack of probable cause is not grounds for dismissal under I.C. 35-34-1-4(a) or I.C. 35-34-1-6(a). The trial court erred in granting Palmer's motion to dismiss for lack of probable cause. We reverse and remand the cause for trial.

CONOVER, P.J., and YOUNG, J., concur.

---

8. IND.CODE 35-33-4-1(a) (Burns Code Ed.Repl. 1985) states:

"Sec. 1. (a) When an indictment or information is filed against a person charging him with a misdemeanor, the court may, in lieu of issuing an arrest warrant under IC 35-33-2, issue a summons. The summons must set forth substantially the nature of the offense, and command the accused person to appear before the court at a stated time and place. However, the date set by the court must be at least seven (7) days after the issuance of the summons. The summons may be served in the same manner as the summons in a civil case action."

9. One example is IND.CODE 35-33-4-1(f) (Burns Code Ed.Repl.1985) which states:

"... (f) In lieu of arresting a person who has allegedly committed a misdemeanor (other than a traffic misdemeanor) in his presence, a law enforcement officer may issue a summons and promise to appear. The summons must set forth substantially the nature of the offense and direct the person to appear before a court at a stated place and time ..."