**Billy Charles FELDERS, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 1085S436.**

Supreme Court of Indiana.

June 30, 1987.

Robert R. Garrett, Public Appellate Counsel, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

This is a direct appeal following a murder conviction. Appellant received a sentence of forty years.

Appellate counsel presents one issue for review, whether the State presented sufficient evidence to rebut appellant's alibi defense. Appellant, *pro se*, raises a second issue, whether there was probable cause to support his arrest and conviction.

These are the facts from the record which tend to support the determination of guilt: On December 4, 1984, Charles Smith was shot and killed outside his residence. Three witnesses to the shooting, all of whom were acquainted with appellant, identified him as the person who shot Smith.

I.

■ Appellant asserts the State presented insufficient evidence to rebut his proffered alibi defense. The State must prove, beyond a reasonable doubt, that appellant was the perpetrator of the crime and the introduction of alibi evidence does not change that burden.

Appellant testified that he was at a social and gambling club on the evening of the shooting and went from there to the Genesis Center and then to a place called Mitch's Real Action. He denied shooting Smith or being in the area where the murder occurred. The defense also called two witnesses who testified they were at the Genesis Center that night but did not see appellant. The State presented three eyewitnesses who testified that appellant was the person who shot and killed Smith.

■ The assessment of the credibility of witnesses is left to the trier of fact. If the State's witnesses are credible, the trier of fact may disbelieve an alibi. *Townsend v. State* (1984), Ind., 460 N.E.2d 139. Appellant's alibi was uncorroborated and it is difficult to imagine how the State could have better refuted the alibi than by calling

three eyewitnesses who identified appellant as the perpetrator. No evidence revealed these witnesses would have a motive for falsely accusing appellant and their testimony was sufficient to permit the trier of fact to determine, beyond a reasonable doubt, that appellant did in fact shoot Smith.

## II.

Appellant presented a *pro se* amendment to the appellant brief challenging the existence of probable cause for his arrest and conviction.

▪ Even assuming arguendo that the police lacked probable cause to arrest and charge him with murder, it would not affect the legality of the conviction.

> The illegality of an arrest, however, is of consequence only as it affects the admission of evidence obtained through a search incident to the arrest. *Williams v. State* (1973), 261 Ind. 385, 304 N.E.2d 311; *Martin v. State* (1978), [176] Ind. App. [99], 374 N.E.2d 543. It has no bearing upon the guilt or innocence of the accused. *Martin, supra.* The jurisdiction of a court over the defendant is not terminated by an illegal arrest. *Dickens v. State* (1970), 254 Ind. 388, 260 N.E.2d 578. An invalid arrest does not affect the right of the State to try a case nor does it affect the judgment of conviction. *Denson v. State* (1975), 263 Ind. 315, 330 N.E.2d 734; *Martin, supra.*

*Scott v. State* (1980), Ind.App., 404 N.E.2d 1190.

From a review of the record it does not appear there was evidence admitted at trial which was obtained as a result of the arrest and therefore any absence of probable cause would not affect the determination of guilt.

The decision of the trial court is affirmed.

SHEPARD, C.J., and GIVAN, PIVARNIK and DICKSON, JJ., concur.