**Donald W. SHOUP and Shirley L. Shoup, Appellants (Plaintiffs Below),**

v.

**Edward A. MLADICK, M.D., and Freeman Miller, M.D., Appellees (Defendants Below).**

No. 50A03–8810–CV–305.

Court of Appeals of Indiana, Third District.

May 8, 1989.

Rehearing Denied June 16, 1989.

Robert J. Konopa, Kramer, Butler, Simeri, Konapa & Laderer, South Bend, for appellants.

Joseph M. Forte, Edward N. Kalamaros & Associates, P.C., South Bend, for appellee Edward A. Mladick, M.D.

HOFFMAN, Judge.

Appellants Donald W. and Shirley L. Shoup appeal a summary judgment granted in favor of Edward Mladick, M.D. The

facts indicate that the Shoups sued Freeman Miller, M.D., and Edward Mladick, M.D., for medical malpractice. The Shoups allege that the doctors negligently treated fractures of Donald's left leg and ankle. After reviewing the malpractice contention a unanimous medical review panel found:

"The evidence does not support the conclusion that the Defendant, Edward A. Mladick, M.D. failed to meet the applicable standard of care as charged in the complaint.

The evidence supports the conclusion that Defendant, Freeman Miller, M.D. failed to comply with the appropriate standard of care as charged in the complaint.

As to Freeman Miller, M.D., the conduct complained of may have been a factor of the resultant damages."

In response to the medical review panel's findings, Dr. Mladick filed for summary judgment, which the trial court granted.

The Shoups raise the following issues:

(1) whether admissions by a co-defendant created issues of fact; and

(2) whether the trial court properly granted summary judgment when there was pending discovery.

Summary judgment is appropriate only where there is no genuine issue as to any material fact. Any doubt in this regard must be resolved in favor of the nonmovant. *Mogan v. Southern Indiana Bank & Trust Co.* (1985), Ind.App., 473 N.E.2d 158, 160.

The Shoups argue that genuine issues of fact were created when Dr. Miller admitted to the following requests submitted to him pursuant to Ind. Rules of Procedure, Trial Rule 36:

"*REQUEST NO. 1:* Edward A. Mladick, M.D. was negligent and careless in his treatment of Donald W. Shoup for the trimalleolar factures of his left ankle in 1984.

*REQUEST NO. 2:* Edward A. Mladick, M.D. failed to meet the standard of care to which an orthopedic standard practicing in Goshen, Indiana or a comparable community should be held in his treatment of Donald Shoup for the trimalleolar fractures sustained by Mr. Shoup in 1984.

*REQUEST NO. 3:* The defendant, Freeman Miller, M.D., is familiar with the standard of care to which an orthopedic surgeon practicing in Goshen, Indiana or a comparable community should be held in the treatment of trimalleolar fractures in 1984.

*REQUEST NO. 4:* That the initial reduction of the trimalleolar ankle fracture sustained by the plaintiff, Donald Shoup, was performed by Edward A. Mladick, M.D. and failed to meet the standard of care applicable to an orthopedic surgeon practicing in Goshen, Indiana in 1984.

*REQUEST NO. 5:* Edward A. Mladick, M.D. was negligent in the open reduction and internal fixation he performed on the trimalleolar fracture sustained by Donald Shoup in 1984.

*REQUEST NO. 6:* Edward A. Mladick, M.D.'s negligence and his failure to conform to the standard of care for an orthopedic surgeon's reducing and setting a trimalleolar fracture in Goshen, Indiana in 1984 proximately resulted in more severe aftereffects than if that standard of care had been met.

Requests to admit ascertain whether the answering party is prepared to admit a fact for trial in order to define and limit matters in controversy. Once admitted, the T.R. 36 fact is settled for all purposes of that cause of action. The need to prove such fact at trial is eliminated. *F.W. Means & Co. v. Carstens* (1981), Ind.App., 428 N.E.2d 251, 257.

Requests for admission of facts addressed to one defendant are not binding upon a co-defendant. T.R. 36 admissions apply to and bind the answering party, not a co-defendant. Dr. Miller's admissions of negligence for Dr. Mladick are inapplicable to counter the summary judgment motion. The Shoups' failure to provide admissible expert opinion contrary to a unanimous medical panel finding defeats their medical malpractice claim against Dr. Mladick. *See Ellis v. Smith* (1988), Ind.App., 528 N.E.2d 826.

The Shoups next argue that the trial court erred in granting summary judgment when there was pending discovery. It is generally improper to grant summary judgment when requests for discovery are pending. An exception to this rule arises when the pending discovery is unlikely to develop a genuine issue of material fact. *Roark v. City of New Albany* (1984), Ind. App., 466 N.E.2d 62, 66.

Supplemental interrogatories served upon Dr. Miller were not answered before summary judgment was granted in favor of Dr. Mladick. The responses to the supplemental interrogatories were submitted before the Shoups' motion to correct error was denied. The following responses by Dr. Miller to the supplemental interrogatories bolster the summary judgment ruling and show that pending discovery did not develop an issue of fact:

"INTERROGATORY NO. 2: ...

ANSWER: ... I do not believe any specific action or inaction which Dr. Mladick performed in the treatment of Mr. Shoup was in any way the direct cause of his current degenerative arthritis and pain to which he complains.

\* \* \* \* \* \*

INTERROGATORY NO. 5: ...

ANSWER: ... I feel that it is in fact likely that the most expert treatment initially of this fracture would have led to the same outcome since this is a well published fact in the medical literature and certainly is agreed upon by all orthopaedists as a possible outcome for such a severe fracture."

The trial court properly granted summary judgment in favor of Edward Mladick, M.D.

Affirmed.

GARRARD, P.J., concurs.

STATON, J., concurs in result.