Fabio A. DIAZ, Appellant–Plaintiff,

v.

Susan K. CARPENTER and Addie D. Hailstorks, Appellees–Defendants.

No. 49A02–9407–CV–449.

Court of Appeals of Indiana, Second District.

March 31, 1995.

Publication Ordered May 15, 1995.

Todd J. Kaiser, Locke Reynolds Boyd & Weisell, Indianapolis, for appellees.

## ORDER

This Court having heretofore handed down its opinion in this appeal on March 31, 1995 marked "Memorandum Decision, Not for Publication"; and

The appellees, by counsel, having thereafter filed their Motion to Publish Memorandum Decision and this Court having voted to grant the Motion to Publish Memorandum Decision, thereafter issued its order requiring that the appellant show cause, if any there be, why the opinion of this Court heretofore handed down marked "Not for Publication" should not now be published or the appellee's Motion to Publish Memorandum Decision would be granted; and

The appellant having failed to file a response to the show cause order, the Court now finds that the appellees' Motion to Publish Memorandum Decision should be granted and this Court's opinion in this appeal should now be ordered published.

IT IS THEREFORE ORDERED as follows:

The appellees' Motion to Publish Memorandum Decision is granted and this Court's opinion heretofore handed down in this cause on March 31, 1995 marked "Memorandum Decision, Not for Publication" is now ordered published.

## MEMORANDUM DECISION

FRIEDLANDER, Judge.

Fabio A. Diaz, *pro se*, appeals the trial court's grant of summary judgment in favor of Susan K. Carpenter and Addie D. Hailstorks in an action alleging legal malpractice.

We affirm.

The facts of the case most favorable to Diaz, the non-movant, are that Diaz was arrested when police confiscated cocaine from his person and his residence. Before trial, Diaz moved to suppress the admission of the cocaine into evidence. The court denied his request. On November 12, 1986, Diaz pleaded guilty to dealing in cocaine. The court accepted the plea and sentenced Diaz to

Fabio A. Diaz, Westville, IN, pro se.

twenty years of imprisonment pursuant to the Plea Agreement.

After the court entered judgment, Diaz filed a *pro se* petition for post-conviction relief and numerous *pro se* amendments to the petition. On August 28, 1987, Carpenter, the State Public Defender, entered her appearance and assigned Hailstorks to represent Diaz in post-conviction relief proceedings. Hailstorks filed an amendment to Diaz's *pro se* petition. The court denied the petition. Hailstorks appealed the denial of the petition, raising two issues. Hailstorks argued on appeal that the post-conviction court erred in finding that Diaz's guilty plea was entered knowingly and intelligently and that the court also erred in finding that Diaz received effective assistance of counsel. This court, in an unpublished opinion,[1] affirmed the post-conviction court's decision. Hailstorks thereupon filed a petition for transfer, which the Indiana Supreme Court denied on May 31, 1990.

On March 31, 1993, Diaz filed a *pro se* complaint against Carpenter and Hailstorks alleging "[i]ntentional Tort [sic], breach of trust [sic] legal malpractice, and serious interference with administration of justice. [sic] Which amouny [sic] to : [sic] inordinated [sic] delay in the postconviction [sic] process, with the result of a prolonges [sic] incarceration, and involuntary waiver." *Record* at 27. Diaz's complaint also stated that he brought suit "for Tort [sic] Action [sic]; [sic] AND NEGLIGENCE [sic] , [sic] pursuant to the Indiana Tort Claim act [sic] IC–34–4–16.5 [sic] etseq. [sic] , [sic] and 42 U.S.C. § 1983, ad [sic] any other applicable statute." *Id.* Hailstorks and Carpenter filed a motion for summary judgment, which the court granted. The court's order states as follows:

### "JUDGMENT

The Court, pursuant to Trial Rules 56 and 58, enters judgment for defendants and states:

1. On December 22, 1993, defendants filed a Motion for Summary Judgment, a Brief in Support, and Designation of Evidentiary Materials, pursuant to Trial Rule 56(C).

2. On February 28, 1994, the parties appeared for a hearing on the Motion for Summary Judgment. The defendants were represented by Todd Kaiser of Locke Reynolds Boyd & Weisell. The plaintiff appeared *pro se.*

3. In his Complaint, Mr. Diaz claims that the defendants failed to include the issue of the illegal search and seizure, presumably of cocaine, as an issue to be argued on appeal from the denial of his petitions for post-conviction relief. It is undisputed that Mr. Diaz pled [sic] guilty to dealing in cocaine. Consequently, the issue of the illegal search and seizure was waived and could not be raised on appeal other than through including that issue in the issue of ineffective assistance of counsel.

3. [sic] Two issues were raised for Mr. Diaz on appeal. Those were (1) that his guilty plea was not knowingly, intelligently, and voluntarily entered and (2) that he was denied effective assistance of counsel. The Court of Appeals affirmed the denial of his petition for post-conviction relief and found that his plea of guilty was knowingly and intelligently entered, and that he was provided effective assistance of counsel. Consequently, to the extent that Mr. Diaz is required to prove his innocence in this case to establish proximate cause, he is precluded by the doctrine of collateral estoppel from doing so. Mr. Diaz's claim is also barred by the statute of limitations.

4. [sic] After reviewing the briefs and evidence submitted by the parties, and having hearing [sic] argument on the Motion for Summary Judgment, the Court now grants judgment in favor of defendants and against Fabio Diaz on his Complaint.

IT IS ORDERED, ADJUDGED AND DECREED that judgment is hereby entered in favor of defendants Susan K. Carpenter as Indiana Public Defender and

---

**1.** *Diaz v. State* (filed November 20, 1989), Ind. App. No. 49A04–8906–PC–249.

Addie Hailstorks, and against Fabio Diaz on his Complaint.

DATED: 3–2–94

/s/ Gerald S. Zore

JUDGE,

MARION SUPERIOR COURT 7"

*Record* at 663–664. Diaz appeals. We have consolidated the issues he presents as follows:

1. Does the statute of limitations bar Diaz's action?

2. Did the trial court err in granting summary judgment when material issues of fact remained?

3. Did the trial court err in granting summary judgment before Diaz reviewed the defendants' response to his discovery requests?

4. Did the trial court err in granting summary judgment when five pretrial motions were pending?

■ Initially, we address Diaz's assertions that a *pro se* litigant is held to a lesser standard than a licensed attorney and that Carpenter's failure to properly supervise Hailstorks renders Carpenter liable for Hailstork's malpractice. First, Indiana law is well settled that a litigant who chooses to proceed *pro se* will be held to the same established rules of procedure as trained legal counsel. *Brademas v. St. Joseph County Com'rs* (1993), Ind.App., 621 N.E.2d 1133. Although we are mindful of the decisions of the federal courts, we are not bound by the federal decisions cited by Diaz. Second, a public defender cannot be held liable for the professional malpractice of her deputies. *Driver v. Howard County Public Defender's Office* (1991), Ind.App., 575 N.E.2d 1001. The public defender has no right to interject herself into a deputy's relationship with a client by controlling the decisions the deputy makes in the exercise of her professional judgment. *Id.* Even were we to conclude that Hailstorks committed malpractice by failing to raise Diaz's desired argument, Carpenter could not be held liable.

1.

■ The trial court found that Diaz's action was barred by Indiana's statute of limitations. Legal malpractice actions must be brought within two years after accrual of the cause of action. Ind.Code 34–1–2–2(1); *Key-*

*stone Distribution Park v. Kennerk, Dumas, Burke, Backs, Long, and Salin* (1984), Ind. App., 461 N.E.2d 749. The cause of action of a tort claim accrues when the plaintiff knew, or, in the exercise of ordinary diligence, could have discovered that an injury has been borne as a result of the tortious act of another. *Wehling v. Citizens Nat'l Bank* (1992), Ind., 586 N.E.2d 840.

■ The basis of Diaz's action for malpractice is that Hailstorks failed to argue in the post-conviction appeal that trial counsel erroneously informed Diaz that he could not challenge the denial of the motion to suppress through an interlocutory appeal. Reply Brief at 3, 4, 8, 11 and 12. At the latest, Diaz discovered that Hailstorks had not included the argument when he read a copy of the appellant's brief. Diaz read the brief prior to May 31, 1990, as he states in an answer to the defendants' interrogatories that on that date he moved to withdraw the public defender and amend the brief because he was unhappy with the brief. *Record* at 594.

Diaz discovered Hailstorks's omission no later than May 31, 1990. Diaz did not file his complaint for malpractice until March 31, 1993. Diaz's complaint came at least two years and ten months following his discovery of the alleged malpractice. The two-year statute of limitations prescribed in actions alleging legal malpractice bars Diaz's claim.

■ We reject Diaz's argument that he is under a legal disability which tolls the statute until the end of his period of incarceration inasmuch as the statute upon which he relies, Ind.Code 34–1–67–1(6), has been repealed. *See* P.L. 1–1990, § 334. Ind.Code 34–1–2–5 allows a person who is under legal disability when a cause of action accrues to bring the action within two years after removal of the disability. Until 1982, I.C. 34–1–67–1(6) included persons "imprisoned in the state prison" in its definition of the phrase "under legal disabilities". *See* P.L. 200, § 1. This statute was repealed in 1990, however, and now a person with a legal disability is defined at Ind.Code 1–1–4–5(21) as an individual who is less than eighteen years of age, mentally incompetent, or out of the United States.

Diaz does not qualify under this definition, and the statute is not tolled.

### 2.

 Diaz argues that the trial court erred in granting summary judgment when material issues of fact remained. Summary judgment is appropriate only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind.Rules of Procedure, Trial Rule 56(C). At the time of filing the motion or response, a party shall designate to the court all parts of pleadings, depositions, answers to interrogatories, admissions, matters of judicial notice, and any other matters on which it relies for purposes of the motion. *Id.* The burden is on the moving party to prove there are no genuine issues of material fact and he is entitled to judgment as a matter of law. *Midwest Commerce Banking Co. v. Livings* (1993), Ind.App., 608 N.E.2d 1010. Once the movant has sustained this burden, the opponent must respond by setting forth specific facts showing a genuine issue for trial. *Id.* When reviewing an entry of summary judgment, we stand in the shoes of the trial court and liberally construe all designated evidentiary material in favor of the nonmoving party. *Rotec, Div. of Orbitron, Inc. v. Murray Equipment, Inc.* (1993), Ind.App., 626 N.E.2d 533. We may not search the entire record to affirm the judgment, but may consider only the evidence which was specifically designated to the trial court. *Keating v. Burton* (1993), Ind.App., 617 N.E.2d 588, *trans. denied.* We consider the pleadings and evidence sanctioned by T.R. 56(C) without deciding their weight or credibility. *Rickels v. Herr* (1994), Ind.App., 638 N.E.2d 1280.

Diaz argues that his Rule 56(F) Motion for Enlargement of Time and his Affidavit in Support of Response to Motion for Summary Judgment "contradicted the fact [sic] presented by ... Hailstorks". Appellant's Brief at 16. Additionally, Diaz maintains he designated evidence to the trial court disputing the date he discovered Hailstorks's alleged malpractice.

Diaz fails to include a citation to the portion of the record where the designation of evidence to the trial court can be found and we are unable to locate the designation from a reasonable inspection of the record. When reviewing an entry of summary judgment, we may consider only the evidence which was specifically designated to the trial court. *Keating, supra.* We do not grant summary judgment as a matter of course because the opposing party fails to offer opposing affidavits or evidence, but make our determination from the evidentiary matter designated to the court. T.R. 56(C). Our examination of the evidentiary material designated by Carpenter and Hailstorks reveals no issue as to the date Diaz read the appellant's brief and discovered that Hailstorks had not included his proposed argument among the arguments in his post-conviction appeal. The materials also negate Diaz's contention that Hailstorks should "at minimum independently examine all relevant facts [sic] circunstances [sic], pleadings and law that related to Diaz [sic] case for illegal search, and not ... depend on what the guilty lawyer told her." Appellant's Brief at 17. Hailstorks states in her affidavit that she reviewed transcripts of the guilty plea hearing and the sentencing hearing in addition to speaking with Diaz's trial counsel and counsel's associate.

### 3.

 Next, Diaz argues the trial court erred in granting summary judgment before Diaz reviewed the defendants' response to his discovery requests. Diaz filed supplemental interrogatories with the court and Carpenter and Hailstorks complied with the discovery on the morning before the February 28, 1994 hearing on the motion for summary judgment. It is generally improper to grant summary judgment when requests for discovery are pending. *Shoup v. Mladick* (1989), Ind.App., 537 N.E.2d 552. Diaz's request for discovery was no longer pending when the court entered summary judgment because Carpenter and Hailstorks provided the discovery before the hearing. The result would be the same even if the discovery request was still pending. A trial court may grant a motion for summary judgment when the pending discovery is unlikely to develop a genuine issue of material fact. *Id.* Diaz contends that the supplemental discovery

would have shown a genuine issue as to whether Hailstorks lied in previous discovery and whether Carpenter and Hailstorks' delay in complying with the discovery caused him injury. Even if the interrogatories would have disclosed such disputes of fact, the disputes are immaterial to the arguments associated with the motion for summary judgment, which centered on the statute of limitations as a bar to Diaz's action, Diaz's guilty plea as a waiver of any right to allege in future proceedings that the trial court erred in denying his motion to suppress and collateral estoppel as a bar to relitigation of Diaz's innocence. None of Diaz's interrogatories is likely to disclose a genuine factual issue on any of these points.

Diaz argues he submitted a motion and affidavit pursuant to T.R. 56(F) asking the court to compel discovery of the requested interrogatories because he could not properly oppose the motion for summary judgment without them. When a party makes a T.R. 56(F) motion, the court *may* refuse the application for summary judgment, order a continuance or make such other order as is just. T.R. 56(F). Furthermore, the court may do so only when the party opposing the motion states by affidavit the reasons why he cannot present facts essential to justify his opposition. *Id.* As discussed earlier, the interrogatories were unlikely to develop a genuine issue of material fact. In addition, Diaz's affidavit fails to offer any explanation of the information he expected to unearth. *See Record* at 651. Regardless, Carpenter and Hailstorks complied with discovery before the hearing.

### 4.

 Finally, Diaz contends that the trial court erred in granting summary judgment when five pretrial motions were pending, including 1) "a complaint seeking declaratory judgment about the statute of Limitation [sic], record 433–434, 435–," 2) a February 24, 1994 motion for extension of time pursuant to T.R. 56(F), 3) a February 28, 1994 response, 4) a February 28, 1994 motion to allow filing of affidavit and exhibit pursuant to T.R. 56(F) and 5) a March 3, 1994 affidavit in opposition to summary judgment. Appellant's Brief at 17. We summarily dismiss

Diaz's arguments as to each "motion." With regard to the complaint seeking declaratory judgment, no such document is located in the portion of the record Diaz cites. Furthermore, the documents described at two through four above were each filed after the thirty-day period described in T.R. 56(C). Finally, the March 3, 1994 affidavit in opposition to summary judgment was filed subsequent to the entry of summary judgment in favor of Carpenter and Hailstorks. Error cannot be based upon evidence not before the trial court when it ruled on the motion for summary judgment. *Kahf v. Charleston South Apartments* (1984), Ind.App., 461 N.E.2d 723, *trans. denied.*

Judgment affirmed.

KIRSCH and STATON, JJ., concur.