Thomas P. HARRIS, Appellant–
Plaintiff,

v.

Richard DENNING and Susan
K. Carpenter, Appellees–
Defendants.

No. 46A05–0805–CV–303.

Court of Appeals of Indiana.

Jan. 29, 2009.

Thomas P. Harris, Indiana State Prison, Indiana Michigan City, IN, appellant pro se.

John H. Daerr, Julia Blackwell Gelinas, Maggie L. Smith, Locke Reynolds LLP, Indianapolis, IN, for Appellees.

## OPINION

CRONE, Judge.

Thomas P. Harris appeals the grant of summary judgment in favor of Richard Denning and Susan K. Carpenter on Harris's complaint alleging deceit, collusion, fraud, and misrepresentation during the course of their representation of Harris in post-conviction proceedings. On appeal, Harris raises a single issue: whether the trial court erred in granting Denning and Carpenter's summary judgment motion. We affirm.

In June 1993, two persons were shot and killed. The shooter was in a car and fled the scene. A witness gave the police a description of the car used by the shooter. The police saw Harris in a car that matched the description and stopped him. A witness identified Harris's car as the shooter's car. Based on the witness's identification, the police took Harris into custody pending the completion of the murder investigation. While in custody, the State separately charged Harris with possession of cocaine with intent to deliver based on confirmation by two individuals that Harris had given crack cocaine to a third person named Devri Hudgins.[1]

Ultimately, Harris was charged with, tried, and convicted of two counts of murder for the 1993 shootings. The cocaine

---

1. In his appellant's appendix, Harris failed to provide the summary judgment motion, briefs, and designations of evidence as required by Indiana Appellate Rule 50. We thank Denning and Carpenter for providing a supplemental appendix with the documents necessary for our review. Nevertheless, the information regarding the murder and co-

caine causes is limited because the record before us contains only a small portion of the chronological case summaries of those causes. The information we do have is derived from the parties' designation of evidence, which includes the parties' correspondence and Denning's affidavit.

charge was dismissed. Appellant's App. at 28.

On July 6, 1998, Harris filed a pro se petition for post-conviction relief ("PCR"), alleging that (1) the evidence of the cocaine charge was improperly admitted at trial and (2) he was illegally arrested on the cocaine charge as a pretext to allow the State to gather evidence to support the murder charges. Deputy Public Defender Denning was appointed to represent Harris. In support of his "pretext" claim, Harris asked Denning to order and forward him the transcript of the probable cause hearing.[2] Between March 2001 and December 2002, Denning indicated to Harris in three separate letters that he had ordered the transcript. *Id.* at 6, 9, 16. Denning and the Public Defender's Merit Review Committee investigated the merits of Harris's PCR claims and concluded that they were without merit. Thereafter, Denning withdrew his representation of Harris as required by Indiana Post Conviction Rule 1(9)(c).[3] At that time, Denning had not received the transcript.

On June 22, 2005, Harris, pro se, filed a complaint against Denning in his official capacity as Deputy Public Defender and against Carpenter in her official capacity as the Public Defender of the State of Indiana. In his complaint, Harris alleged that Denning never ordered the transcript of the probable cause hearing despite his representations that he had done so, there-

by committing dishonesty, fraud, deceit, and misrepresentation in violation of Professional Conduct Rule 8.4(c) and Indiana Code Section 33–21–1–8, recodified as 33–43–1–8.[4] The complaint could be construed to include an additional claim of legal malpractice, in that Harris alleged that the "failure to do any work and just lie on the behalf of Defendant Denning deprive[d] [Harris] of any effective or otherwise legal representation." Supplemental App. at 5. Further, Harris alleged that Carpenter, in her supervisory capacity over Denning, colluded with him to deceive Harris in violation of Professional Rule of Conduct 8.4(c).

On June 21, 2007, Denning and Carpenter filed a motion for summary judgment, asserting that Harris's claims failed as a matter of law for the following reasons:

First, [Harris's] claim against Defendant Carpenter, which is based solely on her control over Defendant Denning as Deputy Public Defender, fails because under Indiana Law a public defender cannot be held liable for the professional malpractice of her deputies. Second, under Indiana law, violations of the Rules of Professional Conduct do not create or support a civil action for legal malpractice. Third, [Harris's] claims for fraud and a violation of the deceit statute fail as a matter of law because [Carpenter and Harris] did not make any

---

2. Presumably, the parties are referring to the probable cause hearing for Harris's arrest on the cocaine charge. A November 8, 2002, letter from Denning to Harris indicates as much. Appellant's App. at 9.

3. Indiana Post Conviction Rule 1(9)(c) provides, "In the event that counsel determines the proceeding is not meritorious or in the interests of justice, before or after an evidentiary hearing is held, counsel shall file with the court counsel's withdrawal of appearance."

4. Professional Conduct Rule 8.4(c) provides that it is professional misconduct for a lawyer to "engage in conduct involving dishonesty, fraud, deceit or misrepresentation." Indiana Code Section 33–43–1–8 provides, "An attorney who is guilty of deceit or collusion, or consents to deceit or collusion, with intent to deceive a court, judge, or party to an action or judicial proceeding commits a Class B misdemeanor," and, "A person who is injured by a violation of subsection (a) may bring a civil action for treble damages."

false representations to [Harris]. Fourth, [Harris's] purported claim for legal malpractice fails because under Indiana Law [Denning and Carpenter] owed no duty to deliver the transcript to [Harris] and because the acts allegedly committed by [Denning and Carpenter] did not breach any duty to [Harris]. Finally, [Harris's] purported claim for legal malpractice also fails as a matter of law because the acts allegedly committed by [Denning and Carpenter] did not proximately cause any damage to [Harris's] post-conviction proceeding or appeal process.

*Id.* at 26. To support their summary judgment motion, Denning and Carpenter designated, inter alia, Denning's affidavit, in which he averred that he "ordered a copy of the transcript of [Harris's] probable cause hearing on February 11, 2002." Appellant's App. at 20. Following a hearing, on March 27, 2008, the trial court granted Denning and Carpenter's motion in its entirety.

On appeal, Harris challenges the trial court's grant of summary judgment to Denning and Carpenter. Our standard of review is well established:

On review of a trial court's decision to grant or deny summary judgment, we apply the same standard as the trial court: we must decide whether there is a genuine issue of material fact that precludes summary judgment and whether the moving party is entitled to a judgment as a matter of law. Once the moving party has sustained its initial burden of proving the absence of a genuine issue of material fact and the appropriateness of judgment as a matter of law, the party opposing summary judgment must respond by designating specific facts establishing a genuine issue for trial. We may consider only those portions of the pleadings, deposi-

tions, and any other matters specifically designated to the trial court by the parties for purposes of the motion for summary judgment. Any doubt as to the existence of an issue of material fact, or an inference to be drawn from the facts, must be resolved in favor of the nonmoving party. Although the nonmovant has the burden of demonstrating that the grant of summary judgment was erroneous, we carefully assess the trial court's decision to ensure that the nonmovant was not improperly denied his or her day in court.

*City of Mishawaka v. Kvale,* 810 N.E.2d 1129, 1132–33 (Ind.Ct.App.2004) (citations omitted).

As to Harris's claim against Carpenter, we note that "a public defender cannot be held liable for the professional malpractice of her deputies." *Diaz v. Carpenter,* 650 N.E.2d 688, 691 (Ind.Ct.App. 1995), *cert. denied.* "The public defender has no right to interject herself into a deputy's relationship with a client by controlling the decisions the deputy makes in the exercise of his professional judgment." *Id.* The doctrine of respondeat superior liability that Harris relies on in his reply brief is inapplicable. Thus, even were we to conclude that Harris's allegations as to Denning were true, Carpenter could not be held liable.

As to Harris's claims against Denning, we observe that the sole basis of Harris's appeal is that summary judgment is improper because a genuine issue of material fact exists regarding whether Denning attempted to obtain the transcript of the probable cause hearing. In his affidavit, Denning swore that he "ordered the transcript." Appellant's App. at 20. In response, Harris designated his own affidavit and the chronological case summaries ("CCS") for his murder and cocaine causes. Harris argues that if Den-

ning requested the transcript of the probable cause hearing, the chronological case summaries would contain an entry pursuant to that request, and they do not. We disagree with the premise of Harris's argument.

A CCS is required to contain "a sequential record of the judicial events in such proceeding." Ind. Trial Rule 77(B); *see also State v. McGuire,* 754 N.E.2d 639, 642 n. 3 (Ind.Ct.App.2001) (observing that CCS shows trial court's actions, order, and rulings), *trans. denied.* In his affidavit, Denning swore that he "ordered" the transcript. Ordering a copy of a transcript directly from the court reporter is not a judicial event and therefore would not be recorded in the CCS. Accordingly, the absence of such a request from the CCS does not necessarily support an inference that Denning did not request a transcript from the court reporter.

 More importantly, however, Harris's appeal must fail because he has not established that he suffered any injury or damages, which he must do to recover under any of the theories in his complaint. To recover pursuant to Indiana Code Section 33–43–1–8, Harris must establish

> that a representation was made as a statement of fact, which was untrue and known to be untrue by the party making it, or else recklessly made; that it was made with intent to deceive and for the purpose of inducing the other party to act upon it; and that he did in fact rely on it and was induced thereby to act to his injury or damage.

*Anderson v. Anderson,* 399 N.E.2d 391, 403 (Ind.Ct.App.1979) (quoting *Automobile Underwriters, Inc. v. Rich,* 222 Ind. 384, 391, 53 N.E.2d 775, 777–78 (1944)). To recover on his fraud claim, Harris must prove: (1) a material misrepresentation of past or existing fact by the party to be charged which (2) was false, (3) was made

with knowledge or in reckless ignorance of the falsity, (4) was relied upon by the complaining party, and (5) proximately caused the complaining party injury. *Youngblood v. Jefferson County Div. of Family & Children,* 838 N.E.2d 1164, 1169–70 (Ind.Ct.App.2005), *trans. denied* (2006). Finally, to recover on his claim for legal malpractice, Harris must show (1) employment of the attorney, (2) failure by the attorney to exercise ordinary skill and knowledge, and (3) such negligence is a proximate cause (4) of the plaintiff's damages. *Legacy Healthcare, Inc. v. Barnes & Thornburg,* 837 N.E.2d 619, 624 (Ind.Ct. App.2005), *trans. denied* (2006).

Here, summary judgment in favor of Denning is proper because Harris failed to establish any injury or damages as a result of Denning's alleged deceit, fraud, or failure to obtain the transcript of the probable cause hearing. On his PCR, Harris intended to argue that he was illegally arrested on the cocaine charge as a pretext to allow the State to gather evidence to support the murder charges. To support this argument, Harris wanted to personally examine a copy of the transcript from the probable cause hearing. However, he failed to show that his murder convictions would have been reversed in a PCR proceeding but for Denning's failure to provide him with the transcript.

 The record before us reveals, and Harris does not dispute, that he was arrested for the murders of June 1993 before he was arrested for the cocaine charge. It is well settled that a police officer may arrest a suspect without a warrant if the officer has probable cause to believe that the suspect has committed a felony. *Peterson v. State,* 674 N.E.2d 528, 536 (Ind.1996), *cert. denied* (1998); Ind. Code § 35–33–7–2. Probable cause exists when, at the time of the arrest, the arresting officer has knowledge of facts and cir-

cumstances that would warrant a person of reasonable caution to believe that the suspect had committed a criminal act. *Sears v. State,* 668 N.E.2d 662, 667 (Ind.1996). The amount of evidence necessary to meet the probable cause requirement is determined on a case-by-case basis. *Peterson,* 674 N.E.2d at 536.

Probable cause for Harris's murder arrest was based upon the witness's identification of Harris's car as the shooter's car. *See Finger v. State,* 799 N.E.2d 528, 535 (Ind.2003) (noting that witness identification of defendant established probable cause for defendant's arrest).[5] *After* Harris was in police custody, the State separately charged Harris with possession of cocaine with intent to deliver based on information provided by two individuals that Harris had given crack cocaine to Devri Hudgins. Therefore, even if the transcript revealed that Harris was illegally arrested for possession of cocaine with intent to deliver, it would not support his pretext claim because the police had probable cause to hold him for murder. Accordingly, we conclude that the trial court properly granted Denning and Carpenter's summary judgment motion.

Affirmed.

ROBB, J., and BROWN, J., concur.

---

**5.** An invalid arrest does not affect the right of the State to try a case, nor does it affect the judgment of conviction. *Denson v. State,* 263 Ind. 315, 317, 330 N.E.2d 734, 736 (1975). The illegality of an arrest is of consequence only as it affects the admission of evidence obtained through a search incident to the arrest. *Williams v. State,* 261 Ind. 385, 386–87, 304 N.E.2d 311, 313 (1973). It has no bearing upon the guilt or innocence of the accused. *Martin v. State,* 176 Ind.App. 99, 100, 374 N.E.2d 543, 545 (1978).