## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 16 2020, 10:51 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

| APPELLANTS PRO SE | ATTORNEY FOR APPELLEE |
|---|---|
| William Stillwell<br>Penelope Stillwell<br>Clearwater Beach, Florida | Briane M. House<br>Greenfield, Indiana |

IN THE

# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| William Stillwell and Penelope Stillwell,<br><br>*Appellants-Plaintiffs,*<br><br>v.<br><br>Price Waicukauski Joven & Catlin, LLC.; Carol Nemeth Joven, Ronald J. Waicukauski, Brad A. Catlin, and Does 1 through 3, Inclusive,<br><br>*Appellees-Defendants.* | June 16, 2020<br><br>Court of Appeals Case No. 20A-CT-69<br><br>Appeal from the Marion Superior Court<br><br>The Honorable P.J. Dietrick, Judge<br><br>Trial Court Cause No. 49D12-1904-CT-17404 |

**Tavitas, Judge.**

# Case Summary

William and Penelope Stillwell ("the Stillwells") appeal the trial court's entry of judgment on the pleadings in the Stillwells' action against Price Waicukauski Joven & Catlin LLC ("PWJC"), Carole Nemeth Joven, Ronald J. Waicukauski, Brad A Catlin, Price Waicukauski Joven & Catlin Does 1 through 3 (collectively, "PWJC Defendants"). We affirm.

# Issues

The Stillwells raise numerous issues, which we consolidate and restate as whether the trial court properly granted the PWJC Defendants' motion for judgment on the pleadings.

# Facts

This appeal is the third appeal brought by the Stillwells related to William's slip and fall injury. In the first appeal, we set out the following facts:

> On December 13, 2011, William Stillwell ("Dr. Stillwell") slipped and fell on the front steps of his home located in the Sycamore Springs development in Indianapolis. Dr. Stillwell subsequently filed a lawsuit against Eagle-Kirkpatrick Management Company, Inc., Kirkpatrick Management Company, Inc., G.T. Services, Inc. d/b/a Green Touch Services, Inc., and Sycamore Springs Section C Homeowners Associations, Inc (collectively "the Defendants"). Dr. Stillwell's wife, Mrs. Stillwell, pursued a claim for loss of consortium. The Stillwells retained attorney Daniel S. Chamberlain to represent them in their lawsuit. At some point during the course of the

lawsuit, Chamberlain moved to the law firm Cohen & Malad. The Stillwells allowed Chamberlain to continue to represent them after his move to Cohen & Malad. Cohen & Malad had a contingency fee agreement with the Stillwells in which it was entitled to one-third of any recovery and reimbursement for advanced expenses.

Meanwhile, the trial court scheduled the jury trial for August 2, 2016. As the trial date was approaching, the Defendants filed a motion to exclude testimony of one of the Stillwells' witnesses or, as an alternative, a motion to continue the trial in order to conduct additional discovery. The trial was continued to January 10, 2017.

Shortly after the continuance, the parties engaged in settlement discussions. In August of 2016, Cohen & Malad presented the Stillwells with a memorandum of understanding outlining the terms of the settlement. In the fall of 2016, the parties formalized the settlement by signing the memorandum. The Defendants agreed to pay the Stillwells $200,000 as full settlement of all claims. Per the agreement, the parties also worked over the subsequent months to resolve issues concerning possible third-party interests in the settlement.

As the parties continued to discuss the issues related to the payment of medical bills, the new trial date approached. Due to the settlement, Cohen & Malad, on behalf of the Stillwells, filed the memorandum of understanding with the court on December 7, 2016. The trial court subsequently removed the January trial date from its calendar. In mid-January 2017, the parties finally worked out all of the details of the settlement except for release language related to the Medicare issue.

On February 15, 2017, Cohen & Malad notified the Defendants that they would be filing a motion to withdraw as counsel for the

Stillwells. As the settlement checks had been negotiated, Sycamore Springs and Green Touch sought to prevent Cohen & Malad from withdrawing, and also filed motions to enforce the settlement. By March 1, 2017, the Stillwells had filed pro se appearances and the trial court had scheduled a hearing for April 10, 2017.

On April 10, 2017, all parties except the Stillwells appeared by counsel. The Stillwells had been ordered to appear in person, but failed to do so. Mrs. Stillwell appeared telephonically, but Dr. Stillwell did not participate. After the hearing, the trial court allowed Cohen & Malad to withdraw their representation of the Stillwells, and further allowed Cohen & Malad to deposit the settlement funds with the clerk. The trial court also granted the motions of Sycamore Springs and Green Touch to enforce the settlement agreement.

On July 11, 2017, the trial court held a hearing on various motions. The Stillwells failed to appear at the hearing in any manner, despite being ordered to attend in person. On July 26, 2017, the trial court signed an order entering judgment, dismissing the case with prejudice as to the Defendants, and otherwise enforcing the settlement agreement reached between the parties. The trial court also ordered the clerk to distribute the requested fees and expenses to Cohen & Malad and the remainder of the funds to the Stillwells.

*Stillwell v. Eagle-Kirkpatrick Mgmt. Co., Inc.*, No. 49A02-1708-CT-1919, slip op. at 2-5 (Ind. Ct. App. July 6, 2018) (footnotes omitted), *trans. denied*, *cert. denied*, 139 S. Ct. 2756 (2019).

In August 2017, the Stillwells appealed the trial court's order to this Court ("First Appeal"). On November 1, 2017, Carol Nemeth Joven filed an

appearance in the appeal on behalf of Cohen & Malad. In December 2017, the Stillwells filed a motion with this Court to disqualify Joven and PWJC from representing Cohen & Malad. The Stillwells alleged:

> The Stillwells verify they had numerous phone conversations with PWJC on the following dates: July 3, 2017, July 5, 2017, July 6, 2017, July 6, 2017, July 6, 2017, October 23, 2017, October 27, 2017, October 27, 2017 regarding specific allegations of unlawful acts of Appellee/Intervenor Cohen & Malad, LLP attorneys related to violation of Indiana Code § 33-43-1-3(4) and Indiana Code § 33-43-1-8 and violations of the Indiana Rules of Professional Responsibility. Additionally, the Stillwells verify that emails were exchanged with PWJC on July 2, 2017, October 27, 2017, and October 28, 2017 in expectation of PWJC representing the Stillwells in both matters.

Appellees' App. Vol. II p. 24. Joven responded that PWJC had no record of communications with the Stillwells in July 2017; that PWJC located an email from October 27, 2017; and that PWJC left a voicemail with the Stillwells and also sent a follow up email on October 27, 2017, declining to represent the Stillwells.

[5] On January 17, 2018, this Court denied the Stillwells' motion to disqualify Joven but allowed the Stillwells to file a reply and allowed Joven to file a surreply. In the Stillwells' reply, they detailed additional emails and telephone calls not mentioned by Joven. Joven responded in the surreply that, after filling her initial response, she became aware of an email sent by the Stillwells to Waicukauski on July 2, 2017; that the email was not found in the initial search of the firm's records; that the firm had no record of Waicukauski or any other

attorney speaking with the Stillwells; and that the July email merely stated, "Please call me at your earliest convenience regarding a legal malpractice claim I am considering filing? . . . ." Docket of *Stillwell v. Eagle-Kirkpatrick Mgmt. Co., Inc.*, 49A02-1708-CT-01919, Intervenor/Appellee Cohen & Malad, LLP's Surreply, filed Jan. 17, 2018, pg. 2. This Court treated the Stillwells' reply as a motion to reconsider and denied the motion.

[6] In the appeal, this Court concluded that an enforceable settlement agreement existed and that Cohen & Malad was entitled to its fees. We, thus, affirmed the trial court's judgment on July 6, 2018. Our Supreme Court later denied transfer, and the United States Supreme Court denied certiorari.

[7] On April 30, 2019, the Stillwells filed the instant complaint against the PWJC Defendants and alleged: (1) legal malpractice; (2) professional negligence; (3) attorney deceit; and (4) fraud upon the court against Joven only.[1] The PWJC Defendants filed an answer and affirmative defenses.

[8] The PWJC Defendants filed a motion for judgment on the pleadings and argued: (1) no attorney/client relationship was formed between the Stillwells and the PWJC Defendants; (2) the PWJC Defendants did not receive

---

[1] The Stillwells also filed a complaint against Cohen & Malad, LLP, Irwin Levin, Gregory Laker, and Daniel Chamberlain for legal malpractice; attorney deceit; fraud upon the court; and breach of fiduciary duty. This action was consolidated with the action against the PWJC Defendants. The Cohen & Malad defendants filed a motion for judgment on the pleadings, which the trial court granted, resulting in the second appeal related to this case. We affirmed the trial court, holding that the Stillwells' claims were barred by the statute of limitation. *See Stillwell v. Cohen & Malad*, No. 19A-CT-2814 (Ind. Ct. App. June 4, 2020).

disqualifying information from a prospective client; (3) the Stillwells' arguments are barred by issue preclusion because they were addressed in this Court's order in the First Appeal; and (4) the Stillwells' final two claims also fail. The Stillwells filed a response to the motion for judgment on the pleadings, and the PWJC Defendants then filed a reply. The trial court granted the PWJC Defendants' motion for judgment on the pleadings. The Stillwells now appeal.

## Analysis

[9] The Stillwells challenge the trial court's grant of the PWJC Defendants' motion for judgment on the pleadings. A motion for judgment on the pleadings under Indiana Trial Rule 12(C) tests the sufficiency of a claim or defense presented in the pleadings and should be granted "only where it is clear from the face of the complaint that under no circumstances could relief be granted." *KS&E Sports v. Runnels*, 72 N.E.3d 892, 898 (Ind. 2017). We base our ruling solely on the pleadings, and we accept as true the material facts alleged in the complaint. *Id.* We may, however, also consider any facts of which we may take judicial notice. *Bell v. Bryant Co.*, 2 N.E.3d 716, 719 (Ind. Ct. App. 2013). We review a Rule 12(C) ruling de novo. *KS&E Sports*, 72 N.E.3d at 898.

[10] Before addressing the Stillwells' arguments, we note that the Stillwells are proceeding pro se. "[A] pro se litigant is held to the same standards as a trained attorney and is afforded no inherent leniency simply by virtue of being self-represented." *Zavodnik v. Harper*, 17 N.E.3d 259, 266 (Ind. 2014). "An appellant who proceeds pro se is held to the same established rules of procedure

that trained legal counsel is bound to follow and, therefore, must be prepared to accept the consequences of his or her action." *Perry v. Anonymous Physician 1*, 25 N.E.3d 103, 105 n.1 (Ind. Ct. App. 2014), *trans. denied*, *cert. denied*, 136 S. Ct. 227 (2015). Although we prefer to decide cases on their merits, arguments are waived where an appellant's noncompliance with the rules of appellate procedure is so substantial it impedes our appellate consideration of the errors. *Id.* We will not become an advocate for a party or address arguments that are inappropriate or too poorly developed or expressed to be understood. *Id.*

## I. Legal Malpractice

[11] The Stillwells first alleged legal malpractice in their complaint against the PWJC Defendants. To prevail on a legal malpractice claim, a plaintiff must establish: (1) employment of the attorney and/or firm (duty); (2) failure of the attorney and/or firm to exercise ordinary skill and knowledge (breach); (3) proximate cause (causation); and (4) loss to the plaintiff (damages). *Gates v. O'Connor*, 111 N.E.3d 215, 223-24 (Ind. Ct. App. 2018), *trans. denied*. In their motion for judgment on the pleadings, the PWJC Defendants argued that the Stillwells failed to allege the existence of an attorney-client relationship. On appeal, the Stillwells argue that genuine issues of material fact exist regarding whether an attorney-client relationship was created and that judgment on the pleadings was improper.

[12] "[A]n attorney-client relationship need not be express, but may be implied by the conduct of the parties." *Douglas v. Monroe*, 743 N.E.2d 1181, 1184 (Ind. Ct. App. 2001). "Attorney-client relationships have been implied where a person

seeks advice or assistance from an attorney, where the advice sought pertains to matters within the attorney's professional competence, and where the attorney gives the desired advice or assistance." *Id.* "An important factor is the putative client's subjective belief that he is consulting a lawyer in his professional capacity and on his intent to seek professional advice." *Id.* The relationship, however, is consensual and exists only after both attorney and client have consented to its formation. *Id.* A "would-be client's unilateral belief cannot create an attorney-client relationship." *Id.* at 1185.

[13] In their complaint, the Stillwells alleged that the PWJC Defendants implied the creation of an attorney-client relationship. *See* Appellants' App. Vol. II p. 17. The Stillwells also, however, described themselves as "prospective clients." *Id.* at 20. We, like the trial court, may also take judicial notice of pleadings that the Stillwells filed with this Court during the First Appeal. *See* Ind. Evid. R. 201(a)(2)(C) (noting that a court may judicially notice the "existence of . . . records of a court of this state"). In their motion to disqualify Joven during the First Appeal, the Stillwells argued to this Court that they were "prospective clients" of PWJC. Appellees' App. Vol. II p. 23.

[14] We note that the doctrine of judicial estoppel "prevent[s] a litigant from asserting a position that is inconsistent with one asserted in the same or a previous proceeding." *Morgan Cty. Hosp. v. Upham*, 884 N.E.2d 275, 280 (Ind. Ct. App. 2008), *trans. denied*. "Judicial estoppel is not intended to eliminate all inconsistencies; rather, it is designed to prevent litigants from playing 'fast and loose' with the courts." *Id.* "The primary purpose of judicial estoppel is not to

protect litigants but to protect the integrity of the judiciary." *Id.* "The basic principle of judicial estoppel is that, absent a good explanation, a party should not be permitted to gain an advantage by litigating on one theory and then pursue an incompatible theory in subsequent litigation." *Id.*

The Stillwells cannot claim that an attorney-client relationship was established given their allegations in their complaint and prior arguments to this Court that they were merely prospective clients. It is clear from the pleadings and documents of which we may take judicial notice that the Stillwells' claim for legal malpractice fails because an attorney-client relationship was never formed. The trial court properly granted the PWJC Defendants' motion for judgment on the pleadings on this claim.

## II. *Professional Negligence*

The Stillwells' second claim in their complaint alleged that the PWJC Defendants failed to conduct proper conflict screening procedures; that the PWJC Defendants failed to give the Stillwells "a timely written notice of conflict"; that the PWJC Defendants failed to "obtain the Stillwells' written consent"; and that but for the "professional negligence" of the PWJC Defendants, the Stillwells "would have timely retained skillful counsel" who would have prevented the Stillwells from having to pay attorney fees to Cohen & Malad. Appellants' App. Vol. II p. 20. On appeal, however, the Stillwells make no argument concerning this claim. Accordingly, any error in the trial court's grant of judgment on the pleadings on this claim is waived. *See* Ind.

Appellate Rule 46(A)(8)(b) (requiring an appellant's argument to be supported by cogent reasoning).

### III. Attorney Deceit

[17] In the Stillwells' third claim, they alleged that the PWJC Defendants made false statements to this Court in the First Appeal regarding the Stillwells' contacts with PWJC.[2] In support of this claim, the Stillwells cited Indiana Code Chapter 33-43-1. Indiana Code Section 33-43-1-8 provides:

> (a) An attorney who is guilty of deceit or collusion, or consents to deceit or collusion, with intent to deceive a court, judge, or party to an action or judicial proceeding commits a Class B misdemeanor.
>
> (b) A person who is injured by a violation of subsection (a) may bring a civil action for treble damages.

To demonstrate such a claim of attorney deceit, the Stillwells must establish that:

> a representation was made as a statement of fact, which was untrue and known to be untrue by the party making it, or else recklessly made; that it was made with intent to deceive and for the purpose of inducing the other party to act upon it; and that he

---

[2] In their complaint, the Stillwells also alleged that Joven "falsely told the Indiana Court of Appeals that Cohen & Malad, LLP had a contingency fee agreement contract with the Stillwells." Appellants' App. Vol. II p. 22. On appeal, however, with respect to the attorney deceit claim, the Stillwells focus only on Joven's statements regarding the Stillwells' motion for disqualification in the First Appeal. Any argument that the attorney deceit claim is supported by Joven's statements regarding the contingency fee agreement is waived. *See* Ind. Appellate Rule 46(A)(8)(b) (requiring an appellant's argument to be supported by cogent reasoning).

did in fact rely on it and was induced thereby to act to his injury or damage.

*Harris v. Denning*, 900 N.E.2d 765, 769 (Ind. Ct. App. 2009).

[18] The pleadings and documents of which we may take judicial notice, however, do not support the Stillwells' claims. In the First Appeal, the Stillwells filed a motion to disqualify Joven as counsel for Cohen & Malad. Joven responded that PWJC records showed only one contact with the Stillwells and that the firm then declined to represent the Stillwells. After the Stillwells pointed out additional contacts that they had with the PWJC Defendants, Joven filed a surreply correcting her earlier statements and explaining how the discrepancy occurred. The Stillwells' complaint acknowledges that Joven corrected her earlier statements to this Court. This Court was given the opportunity to consider both the Stillwells' claims and Joven's initial and surreply responses and did not change its opinion regarding the disqualification of Joven in the First Appeal. Given that Joven corrected her earlier mistaken statement to this Court, it is clear from the pleadings and documents of which we may take judicial notice that under no circumstances could the relief the Stillwells' request for attorney deceit be granted. The trial court properly granted the PWJC Defendants' motion for judgment on the pleadings on this claim.

### IV. Fraud on the Court

[19] The Stillwells' last claim is for fraud on the court. To assert a claim of fraud on the court, "the party must establish that an unconscionable plan or scheme was

used to improperly influence the court's decision and that such acts prevented the losing party from fully and fairly presenting its case or defense. *Stonger v. Sorrell*, 776 N.E.2d 353, 357 (Ind. 2002). "Fraud on the court has been narrowly applied and is limited to the most egregious of circumstances involving the courts." *Id.*

The Stillwells alleged: "Defendant Joven presented false statements to the Court of Appeals shown in the attorney deceit counts above and because such acts of attorney deceit have constituted fraud upon the court, the Stillwells incorporate by reference the attorney deceit counts above." Appellants' App. Vol. II p. 23. This claims involves the Stillwells' allegations that Joven: (1) made false statements to this Court in the First Appeal in addressing the Stillwells' motion for disqualification regarding the Stillwells' contacts with PWJC; and (2) "falsely told the Indiana Court of Appeals that Cohen & Malad, LLP had a contingency fee agreement contract with the Stillwells." *Id.* at 22.

### *A. Statements Regarding Disqualification*

As noted above, Joven's mistaken statements to this Court regarding the number of contacts between the Stillwells and the PWJC Defendants were corrected in Joven's surreply to the Stillwells' motion for disqualification in the First Appeal. This Court was presented with the corrected facts and did not change its decision denying the motion for disqualification. The Stillwells cannot establish that they were prevented from fully and fairly presenting their case or defense as a result of Joven's initial mistaken statements. Given that Joven corrected her earlier mistaken statement to this Court, it is clear from the

pleadings and documents of which we may take judicial notice that the Stillwells' claim for fraud on the court fails.

### B. Statements Regarding Contingency Fee Agreement

[22] Finally, we address the Stillwells' claim that Joven committed fraud on the court in the First Appeal by claiming that Cohen & Malad had a contingency fee agreement with the Stillwells. The Stillwells claim that "Attorney Joven falsely told the Court of Appeals that Daniel Chamberlain had assigned his interests in the Doerhman Chamberlain contingency fee agreement with the Stillwells to Cohen & Malad LLP when he joined Cohen & Malad in 2014." Appellant's Br. p. 20. The Stillwells claim that Chamberlain actually assigned his interest in the contingency fee agreement in May 2017, after he withdrew from the Stillwells' case, and that the contingency fee agreement stated the Stillwells "'would owe for nothing' if he volitionally withdrew from the case." *Id.* at 21.

[23] We first note that, in the First Appeal, this Court detailed Chamberlain's withdrawal from the Stillwells' action and the trial court's order allowing such. We also noted: "*On May 3, 2017*, Chamberlain assigned his rights to recover attorney fees and expenses under the contract to Cohen & Malad." *Stillwell*, No. 49A02-1708-CT-1919, slip op. at 3 n.1 (emphasis added). This Court concluded: "Cohen & Malad had a contingency fee agreement with the Stillwells in which it was entitled to one-third of any recovery and reimbursement for advanced expenses." *Id.* at 3. The Indiana Supreme Court denied transfer on this opinion, and the United States Supreme Court denied

certiorari. The Stillwells' claims that this Court was misled by Joven are not well taken.

[24] Moreover, the contingency fee agreement at issue was attached to the Stillwells' complaint and does not support the Stillwells' claim that Chamberlain was not entitled to fees if he withdrew. Rather, the paragraph relied upon by the Stillwells provides:

> No representation has been made as to what amount, if any, CLIENT(S) may be able to recover in his case. CLIENT(S) understand(s) Attorneys will investigate CLIENT'S(S') claim, and if after so investigation, claim does not appear to them to have merit, then Attorneys shall have the right to cancel this Agreement. Also, if Attorneys determine at any time that the claim covered by this Agreement is economically unfeasible, they may cancel this Agreement upon reasonable notice to the CLIENT(S). If this happens, the CLEINT(S) [sic] will owe the Attorneys for nothing.

Appellants' App. Vol. II p. 24. Chamberlain did not determine that the Stillwells' claim was "economically unfeasible." *Id.* Rather, Chamberlain obtained a settlement for the Stillwells, to which the Stillwells agreed in writing. The provision that the Stillwells rely upon is inapplicable. It is clear from the pleadings and documents of which we may take judicial notice that under no circumstances could the relief the Stillwells seek for fraud on the court be granted.

# Conclusion

The trial court properly granted the PWJC Defendants' motion for judgment on the pleadings. We affirm.

Affirmed.

Riley, J., and Mathias, J., concur.